HENDERSHOT, APPELLEE, *v.* FERKEL; MOTORISTS MUTUAL INS. CO., APPELLANT.

(No. 404—Decided June 21, 1943.)

*Messrs. Schwab & Hinton* and *Mr. Glenn P. Bracy*, for appellee.

*Messrs. Stahl, Stahl & Stahl* and *Mr. Wilbur E. Benoy*, for appellant.

CARPENTER, J.   By supplemental petition filed under Section 9510-4, General Code, the plaintiff obtained a judgment against the supplemental defendant, Motorists Mutual Insurance Company, requiring it to pay her the judgment for $2,750 which she had previously been awarded against the principal defendant Clarence Ferkel, a resident of California, on a substituted process under Sections 6308-1 and 6308-2, General Code.

From that judgment against it, the insurance company appealed on questions of law and herein challenges the validity of the judgment against Ferkel on the ground that summons was not served upon him as required by Section 6308-2.

The statutes, being in derogation of common law, must be strictly followed to invest the court with jurisdiction. *Donnelly* v. *Carpenter, Exrx.*, 55 Ohio App., 463, 9 N. E. (2d), 888; 5 American Jurisprudence, 830, Section 591.

Section 6308-2, General Code, is as follows:

"Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of State of the state of Ohio, by leaving at the office of said secretary, at least fifteen

(15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said Secretary of State, addressed to such defendant at his last known address. *The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.*" (Italics ours.)

Two objections are made to the service as shown by the record:

1. That the address to which it was directed was not Ferkel's "last known address"; and

2. That no "return receipt of such defendant" was "attached to and made a part of the return of service of such process."

The facts material to the decisions of these questions are undisputed. Plaintiff had filed an earlier case which was dismissed for want of prosecution after the return of summons, which had been served in Sandusky county, had been quashed on an affidavit of Ferkel dated September 27, 1937, stating that he then resided at 2024 Sherbourne Dr., Los Angeles, California. On September 24, 1938, one year less three days later, the petition herein was filed, and, without any investigation as to what the then address of the defendant was, the praecipe directed the issuance of summons to the sheriff of Sandusky county for

"Clarence Ferkel, 2024 Sherbourne Dr., Los Angeles, California, to be served in accordance with the provisions of Section 6308-2 of the General Code of Ohio."

The sheriff's return states that summons was served on the Secretary of State and a copy was mailed, registered, to Ferkel at the address given "which registered mail was returned by the postal department, endorsed, 'unknown at address.'"

In this trial, Ferkel by deposition testified that about October 20, 1937, he came to the Sherbourne Dr. residence and found it quarantined and left hastily without leaving a forwarding address, and that during the following year he had several different addresses.

The parents testified that at all times they knew Clarence's address, and that neither the plaintiff nor any one for her ever inquired of them for it. Counsel for plaintiff knew that Ferkel's parents lived near Clyde in Sandusky county and could easily have made such inquiry of them.

This was not compliance with this phase of the statute. Speaking of "last known address" as used in a statute similar to this, it was said in *State, ex rel. Cronkhite,* v. *Belden, Judge,* 193 Wis., 145, 211 N. W., 916, 57 A. L. R., 1218:

"This must mean not his last address known to the plaintiff, but plaintiff is required to ascertain at his peril the last known address of the defendant as a matter of fact, and his failure to do so will amount to a failure to comply with the statute and render the service invalid."

To the same effect is *Hartley* v. *Vitiello,* 113 Conn., 74, 154 A., 255.

The statute makes no exception to the requirement that "the registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

That this means just what it says was the decision in *Dwyer* v. *Shalck,* 232 App. Div., 780, 248 N. Y. S., 355.

The language is mandatory. It is no different than the requirement of personal service upon a defendant in an Ohio divorce action when a judgment *in personam* for alimony is to be had.

For these reasons, the judgment against Ferkel is void; hence the plaintiff did not have a cause of action against the insurance company and its motion for

judgment should have been granted. The judgment appealed is reversed and final judgment for the defendant Motorists Mutual Insurance Company is ordered.

*Judgment reversed and final judgment for appellant.*

LLOYD and STUART, JJ., concur.