*115
 
 Matthias, J.
 

 The question presented, the answer to which is determinative of this case, is whether the judgment against the defendant Ferkel upon which the supplemental petition against the defendant Motorists Mutual Insurance Company is predicated was void. The answer of the Court of Appeals was in the affirmative.
 

 If that judgment is valid it has become final. In any event, the right of the defendant Motorists Mutual Insurance Company or Clarence Ferkel to offer additional evidence dehors the record as to the validity .of that judgment is terminated. In the absence of fraud the validity thereof must be decided upon the.record of the case in which the judgment was rendered.
 

 The complete file of the original damage suit was offered in evidence- in this supplemental proceeding and is before this court. This consists chiefly of the pleadings filed therein, the return of service of the sheriff of Sandusky county, Ohio, and the judgment entry of the Court of Common Pleas.
 

 Section 9510-4, General Code, authorizes a proceeding against an insurance company by supplemental petition as therein provided only upon the recovery of a final judgment against a defendant insured by such’ company against loss or damage if the judgment is not satisfied within thirty days after the date when it is rendered. To warrant the rendition of a valid judgment it is conceded that it is essential that service must have been made in strict accordance with the requirements of statute in that regard.
 

 Service upon the defendant Ferkel was attempted to be made pursuant to and in accordance with the provisions of Section 6308-2, General Code. That section provides in substance that process shall be served by the officer to whom directed or by the sheriff of Franklin county, upon being deputized, upon the Secretary
 
 *116
 
 of State of Ohio “and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said Secretary of State, addressed to such defendant at his last known address. The registered'mail return receipt of such defendant shall be attached to and made a part of the return of service of process.”
 

 The return of the sheriff of Sandusky county reads as follows:
 

 “Received this writ September 24, 1938, at two o’clock p. m., and on October 3,1938,1 served the within named Clarence Ferkel by sending to him at his last known address, by registered mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Secretary of State of the State of Ohio, as his agent for the service of process, which registered mail was returned by the postal department, endorsed ‘unknown at address’.”
 

 The return of the sheriff of Franklin county is omitted, there having been no challenge of its validity.
 

 The following journal entry shows the action of the Court of Common Pleas upon the trial of the case:
 

 “This cause came on to be heard upon the petition of the plaintiff, the return of service of summons by the sheriff of Sandusky county, and the evidence, and
 

 “Upon consideration thereof, the court finds that the defendant, Clarence Ferkel, has been duly and regularly served with summons in this action according to law as provided by G. C. 6308-2
 
 et seq.,
 
 and that no request for a continuance has been made by the defendant or by anyone on his behalf, and that the defendant is in default for answer or other pleading to the petition of the plaintiff and by such default accordingly confesses the allegations of plaintiff’s petition to be true.
 

 “The court further finds from the evidence that the
 
 *117
 
 defendant was guilty of negligence in the operation of the automobile which he was driving at the time and place set forth in plaintiff's petition and that as a direct and proximate result of such negligence of the defendant that the plaintiff was damaged by suffering-personal injuries in the sum of twenty-seven hundred fifty dollars ($2,750).
 

 £ £ Wherefore, it is considered that the plaintiff, Anna L. Hendershot, recover from the defendant, Clarence Ferkel, the sum of twenty-seven hundred fifty dollars ($2,750) and the costs of this action.
 

 ££A. V. Baumann, Judge.”
 

 Since the defendant insurance company can prevail only if the judgment on its face is void, the only question now presented is whether the record of the original proceeding herein shows a failure to secure service upon the defendant, Clarence Ferkel. This necessarily involves an interpretation of the language of Section 6308-2, General Code, as above set forth.
 

 The return of the sheriff shows that he ££ served the within named Clarence Ferkel by sending to him
 
 at Ms last ¡mown address
 
 * * * a true and attested copy thereof.” (Italics ours.)
 

 The entry of the Court of Common Pleas shows that the court found “that the defendant, Clarence Ferkel, has been duly and regularly served with summons in this action according to law as provided by Gr. C. 6308-2
 
 et seq. *
 
 * *.”
 

 Whether the summons was sent to the place which was “the last known address” of the defendant is a .question of fact, presumably determined by the court upon competent evidence. It is claimed in argument that the trial court heard such evidence, although the testimony is not brought into the record and is not before this court. See 5 American Jurisprudence, 831, Section 591; 82 A. L. R., 772; 96 A. L. R., 597; 125 A.
 
 *118
 
 L. R., 469—citing
 
 State, ex rel. Nelson,
 
 v.
 
 Grimm,
 
 219 Wis., 630, 263 N. W., 583, 102 A. L. R., 220.
 

 Conceding- the insurance company’s claim that the plaintiff must use diligence to ascertain the “last know address” of the defendant, nevertheless that was a question for the determination of the Court of Common Pleas in the original damage action and presumably was there determined. Judgment rendered upon such finding has become final and cannot be attacked or impeached in this proceeding. Testimony offered for such purpose was incompetent.
 

 The most important question here is the effect of a want of delivery to the defendant personally of the registered letter containing the copy of the summons and absence of a signed receipt therefor. It is now well established by the case of
 
 Wuchter
 
 v.
 
 Pizzutti,
 
 276 U. S., 13, 72 L. Ed., 446, 48 S. Ct., 259, 37 A. L. R., 1230, and the case of
 
 Hess
 
 v.
 
 Pawloski,
 
 274 U. S., 352, 71 L. Ed., 1091, 47 S. Ct., 632, decided by the Supreme Court of the United States, that actual notice to a nonresident defendant in such a case is not essential to due process. In the opinion in the
 
 Wuchter case,
 
 Chief Justice Taft, after citing numerous cases, made the following- pertinent statement:
 

 “These cases and others indicate a general trend of authority toward sustaining' the validity of service of process,- if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here.”
 

 This view is reiterated in the case of
 
 Henry L. Doherty & Co.
 
 v.
 
 Goodman,
 
 294 U. S., 623, at page 628, 79 L. Ed., 1097, 55 S. Ct., 553, in the following language of the opinion:
 

 “The power of the states to impose terms upon nonresidents, as to activities within their borders, recent
 
 *119
 
 ly has been much discussed.
 
 Hess
 
 v.
 
 Pawloski,
 
 274 U. S., 352;
 
 Wuchter
 
 v.
 
 Pizzutti,
 
 276 U. S., 13;
 
 Young
 
 v.
 
 Masci,
 
 289 U. S., 253. Under these opinions it is established doctrine that a state may rightly direct that nonresidents who operate automobiles on her highways shall be deemed to have appointed the Secretary of State as agent to accept service of process, provided there is some ‘provision making it reasonably probable that notice of the service on the secretary will be communicated to the nonresident defendant who is sued.’ ”
 

 The question here is whether under the provisions of Section 6308-2, General Code, actual notice to the defendant is required. The provision for mailing the copy of summons “to the last known address” in itself evidences a legislative intent to provide for cases in which notice is not actually delivered to the defendant. Were it intended in every case that notice be actually delivered to a defendant, there would be no necessity for providing that notice should be sent to a particular place, to wit, the “last known address.”
 

 The statutes of Ohio do not generally require that a defendant receive the summons in order that service be complete. Section 11286, General Code, which is the section providing the method of service in civil actions in this state, provides as follows:
 

 “The service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence; or, if the defendant is a partnership sued by its company name, by leaving a copy at its usual place of doing business, or with any member of such partnership. The return must be made at the time mentioned in the writ, and the time and manner of service shall be stated on the writ.”
 

 It is to be observed that actual delivery of the sum
 
 *120
 
 mons to the defendant is not essential to accomplish valid service. Valid service may he effected by “leaving a copy at his usual place of residence.”
 

 This statute has been effective since the enactment of the Code of Civil Procedure on July 1,1853 (51 Ohio Laws, 67, Sections 62, 63, 64).
 

 In Section 11297-1, General Code, the General Assembly authorizes service of process by registered mail. But- in this section specific and definite directions are given 'in regard to such mailing. In this section we find the following pertinent language:
 

 “When provisions for service by mail, registered or otherwise, is [are] so made, a return of the sheriff or other officer or person charged by law with the duty of serving said writ or process, that a true copy of the the writ or process was deposited in the mail registered, or otherwise shall be proof of residence service at the address on the envelope containing such writ or process.; provided that such residence be the correct residence address of the party to be served and that such envelope be not returned by the postal authorities as undelivered.”
 

 Section 6308-2, General Code, was enacted several years subsequent to the enactment of Section 11297-1, General Code. The failure of the General Assembly to use language of similar import in the subsequently enacted provision shows that it did not intend to require proof of actual delivery of the summons to the defendant in a suit such as this.
 

 It is well settled that such statutory provisions, being in derogation of the common law, must be strictly followed in order to invest the court with jurisdiction. But likewise it is axiomatic that all parts of a statute are to be construed together. Section 6308-2, General Code, makes it reasonably certain that notice will reach the defendant, but does not require proof that
 
 *121
 
 the defendant received such notice as a prerequisite to jurisdiction to hear and determine the cause,
 

 Defendant claims further that Sections 6308-2
 
 et seq.,
 
 General Code, are inapplicable to one who was a resident of the state when the injury occurred and thereafter became a resident of another state and, if deemed applicable, the provisions are unconstitutional. Such persons are .expressly included within the provisions of Section 6308-5, General Code. It is as follows:
 

 “This act shall be construed to extend the right of service ■ of process upon nonresidents and upon residents who subsequently became nonresidents or who conceal their whereabouts, and shall not be construed as limiting any provisions for the service of process now or hereafter existing.”
 

 Undoubtedly the state has the same constitutional-authority to govern and control actions against its citizens arising from the operation of motor vehicles as it has where the action is against nonresidents operating motor vehicles within the state.
 

 The defendant finally contends that Clarence Ferkel violated the provisions of the contract of insurance in failing to give it notice of this suit, although at the same time contending that he had no notice of the suit to forward to it, in compliance with the terms of the policy. This question is not before this court. It was submitted to the trial court, and it found adversely to the defendant. The Court of Appeals considered no “issue except that of service.
 

 The judgment of the Court of Appeals is therefore reversed and the cause is remanded to that court for further proceedings.
 

 Jtidgment reversed and cause remanded.
 

 Weygandt, C. J., Zimmerman, Bell, Williams and Turner, JJ., concur.