Matthias, J.,
 

 dissenting. In my opinion the decision of the majority is in direct conflict with the decision of this court in the case of
 
 Hende
 
 rshot v.
 
 Ferkel,
 
 144 Ohio St., 112, 56 N. E. (2d), 205, paragraph one of the syllabus of which is as follows:
 

 “In an action brought on a supplemental petition under Section 9510-4, General Code, by a judgment creditor against an insurance company, seeking to have the insurance money, provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, the insurance company may as a defense show
 
 *325
 
 that the judgment which is the foundation of the creditor’s action is void; but in the absence of fraud the invalidity of the judgment must appear from the record of the court in the case wherein the judgment was rendered and evidence contradicting such record is incompetent.”
 

 The finding of a court that proper service has been had on a defendant should have some weight and presumption of validity. To allow the insurance company to appear in a supplemental proceeding and offer evidence to contradict the record of the court in which the original judgment was rendered obviously constitutes a collateral attack.
 

 The fallacy of this procedure is well illustrated in this case. The agreed statement of facts, as submitted to the Municipal Court in the supplemental proceeding, is, in part, as follows:
 

 “On or about December 1,1942, the defendant, Fred Miller, moved from the address at 391 Silver street at the request of his landlord, he being then in arrears for payment of rent, and he did not give, to his landlord any new or forwarding address. The defendant, Fred Miller, was employed by the Jewel Tea Company’s Akron office. He removed to Toledo, where he remained in the employ of the Jewel Tea Company. His employment with the tea company was terminated some time prior to January 18, 1943. Neither the plaintiff nor the defendant insurance company was advised of the defendant Miller’s removal from 391 Silver street or of his residence address thereafter, either in Akron or in Toledo, and he has not communicated with said insurance company, nor has said insurance company liad any knowledge of his whereabouts since that time.
 

 “On January 18, 1943, plaintiff filed the original petition herein. Summons was issued to the bailiff of this court and returned ‘no service.’
 

 
 *326
 
 “On January 23, 1943, the plaintiff’s husband, through his attorney, Howard C. Walker, filed a petition against Fred Miller in Common Pleas Court of Summit County, Ohio, being case No. 141569 in that court, alleging a cause of action arising out of the same collision. Summons was issued in said case to the sheriff of Lucas county, Ohio, for service upon the defendant, Fred Miller, ‘c/o Jewel Tea Company, Toledo, Ohio.’ The sheriff of Lucas county made a return upon said summons that he could not find the defendant in his county.
 

 “On January 31, 1944, the plaintiff issued an alias summons herein to the sheriff of Franklin county, Ohio, which was served upon the Secretary of State of Ohio under General Code 6308-2, the plaintiff being then unable to locate the defendant Miller at 391 Silver street, Akron, Ohio. The sheriff of Franklin county, Ohio, made a return showing service upon the Secretary of State, as provided by law, on February 3, 1944. A- copy of the summons, together with a copy of the return of service upon the sheriff of Franklin county, Ohio, was mailed by registered mail to the defendant, Fred Miller, at 391 Silver street, Akron, Ohio, on February 9, 1944. On February 15, 1944, said envelope and summons were returned to the clerk of this court, containing thereon the notation by the post office ‘Moved, left no address.’ ”
 

 The journal entry of the Municipal Court is, in full, as follows:
 

 ‘ ‘ This day this cause came on to be heard, upon the supplemental petition of the plaintiff, the answer thereto of The Republic Mutual Insurance Company, the agreed statement of facts heretofore filed herein, and the record.
 

 “Upon consideration thereof, the court finds that no valid service of summons was obtained upon the
 
 *327
 
 defendant prior to the rendition of the judgment against the defendant, Fred Miller, set forth in said supplemental petition; that by reason thereof no valid judgment was rendered against the defendant, Fred Miller. The said supplemental petition against the defendant, The Republic Mutual Insurance Company, is therefore dismissed, at the costs of the plaintiff. To which the plaintiff excepts.”
 

 On the same stipulated facts the entry of the Court of Appeals is, in part, as follows:
 

 “Upon consideration whereof, the court finds that in the record and proceedings aforesaid, there is error manifest upon the face of the record to the prejudice of the appellant, in this, to wit: The judgment of the trial court finding that the judgment obtained by Conner against Miller on March 25, 1946, in the Municipal Court of Akron in the sum of $950 and costs was void, and the judgment of the trial court in dismissing the petition of the plaintiff against the defendant, The Republic Mutual Insurance Company, on March 17, 1949, are contrary to law.”
 

 The opinion of the Court of Appeals discloses the basis of the judgment of that court as follows:
 

 “There is nothing before us to show that Miller had moved to Toledo, except that his place of employment was moved to that city, out of which office of the Jewel Tea Company presumably he was working. We cannot say that a place of employment is the ‘last known address’ of a defendant. It may or may not be a place where he wishes to be approached on a personal business matter. From a consideration of the facts set before us, we find that 391 Silver street, Akron, Ohio, was the last known address of Miller, to which registered mail under Section 6308-2, General Code, should have been, as it was, sent.”
 

 The judgment of this court reversing the judgment
 
 *328
 
 of the Court of Appeals is necessarily based upon the theory that as a matter of law the subsequent place of business of an employer is the last known address of an employee (the defendant) to the exclusion of the fact as to the 'last known residence of the defendant.
 

 I agree with the Court of Appeals that the place of employment might be such address and certainly that is a question of fact to be determined from competent evidence. It must be established by proof that the defendant used such place as his address. If the rule were otherwise, any place where there is any possibility that mail might reach him would constitute his “last known address.”
 

 If the judgment of the Municipal Court in the original action had any validity by reason of its finding that service had been made, the burden in the supplemental proceeding of showing £ £ no service ’ ’ was on the appellant. The' effect of the evidence has been considered by two lower courts. This court following its reasoning as to probabilities reverses the judgment of the Court of Appeals because its conclusion differs from the conclusion drawn by the Court of Appeals from the agreed statement of facts.
 

 I am in accord with the unanimous opinion of the Court of Appeals. Its judgment should be affirmed.
 

 Zimmerman, J., concurs in the foregoing dissenting opinion.