Rosa HICKS, Plaintiff in Error,

v.

Cecil Woodrow HAMILTON, Defendant in Error.

No. 36506.

Supreme Court of Oklahoma.

May 17, 1955.

Jack B. Sellers, Drumright, Collins & Moore, Sapulpa, for plaintiff in error.

Covington & Donovan, Tulsa, for defendant in error.

CORN, Justice.

The matter herein presented arises out of our statutes relating to actions against non-resident users and operators of motor vehicles upon the public highways of this state. See 47 O.S.1951 §§ 391–403. The question has not been the subject of consideration heretofore in this jurisdiction.

The statutory provisions, sometimes referred to as the Nonresident Motorists Service Act, require that non-residents en-tering the state and using the highways shall be deemed to have agreed the Secretary of State shall be service agent for service of process in civil actions for damages arising out of use of our highways. A 60-day answer date is provided, after return date of the summons. The form of the summons, or notice of suit, is prescribed, and in all instances the mechanics of service must be begun by; (a) service of a copy of the original summons upon the Secretary of State together with $2 fee; (b) by mailing defendant, within 10 days after filing with the Secretary of State, a notification of such filing by restricted registered mail (as defined by section 396), addressed to defendant at his last known address or place of abode, which notification shall substantially conform to requirements of section 395. Section 397, in lieu of serving notification by registered letter, permits personal service of the notification, by an adult not interested in litigation, upon defendant personally or to a member of the family over 14 years of age at defendant's place of residence. Thereafter the requirements for making proof of proper filing and service are set forth in section 398 as follows:

"Proofs of filing and service.—Proof of the the filing of a copy of said summons or original notice of suit with the Secretary of State, and proof of the mailing or personal delivery of said notification to said nonresident shall be made by affidavit of the party doing said acts. All affidavits of service shall be endorsed upon or attached to the originals of the papers to which they relate. All proofs of service, including the return registry receipt, shall be forthwith filed with the Clerk of the District Court."

In May, 1952, defendant, a resident of Wichita, Kansas, was temporarily residing in Cushing, Oklahoma. On the night of May 22, a collision occurred on Highway 33 between a vehicle in which plaintiff was a passenger, another car and an automobile owned and driven by defendant. As a result plaintiff filed suit alleging defendant's negligence to have been the proximate cause of certain injuries, for which she asked damages. Under authority of the above men-

tioned statutes plaintiff sought to secure service upon defendant.

Summons was issued, served upon the Secretary of State and the return filed with the court clerk. In due time a copy of the summons, and the special notice required by section 395, were sent to defendant's Wichita address by restricted registered mail. Defendant had temporarily closed his home and only made occasional visits there on weekends. During his absence mail was put in the house, but was not forwarded to him. Defendant was not found at his residence, and notice of the restricted registered letter was left in his box. Upon a visit home he took the notice to the postoffice and was advised the letter was from an attorney in Drumright, Oklahoma, but had been returned to the sender. Defendant later called upon this attorney to inquire about the letter, and some conversation occurred between these parties. Their testimony relative to what transpired at that time is in conflict, particularly as to whether defendant was advised of the contents of the registered letter and the pendency of the damage action.

No return receipt for the restricted registered letter was filed with the court clerk as required by section 395, supra, although it was stipulated plaintiff had mailed the letter and that it was returned marked "unclaimed". Plaintiff's attorney explained failure to file the return registered receipt in that same had been misplaced.

The time within which to file answer elapsed and plaintiff moved for default judgment. The trial court found proper service had been made upon defendant and set the case for hearing upon the merits. Thereafter default judgment was entered against defendant in the amount of $5,000. Following expiration of the term defendant filed petition to vacate the default judgment, setting up failure to receive the registered letter, lack of notice of pendency of the action, and that such judgment was void, having been rendered without service of summons in the manner prescribed by law.

At the hearing upon the motion the parties stipulated: Copy of summons and notice of suit required by statute had been mailed by restricted registered mail to defendant at his home address; same had been regularly transmitted to and held by the postoffice in Wichita, Kansas, and notice of letter thereof was left at defendant's address; after being held by the postoffice for 10 days, both letter and receipt were marked "unclaimed" and returned to plaintiff's attorney; receipt had been lost or destroyed and not filed with the court.

After hearing and consideration of the matter defendant's motion was sustained and an order entered vacating the default judgment, upon the grounds the statutory requirements for service upon non-residents were to be strictly construed, and the failure to attach and file the return registered receipt as required by statute, supra, invalidated the attempted service upon defendant.

Defendant's appeal from the trial court's order and judgment presents for determination the question of the interpretation to be given the language of these statutes, particularly sections 394 and 398. Other courts frequently have had occasion to pass upon the questions arising from construction and application of statutes which are similar or practically identical, with our non-resident service statutes. However, the question is one of first impression here.

■■ Two propositions are presented as grounds for reversal of the trial court's order and judgment. The first is that the parties' stipulation reflected performance of each step called for by the statute, except the attaching of the mailing receipt. Thus plaintiff concludes, since the stipulation disclosed timely compliance with the statute, except for the omitted procedural step, the statute cannot be so strictly construed as to invalidate proceedings in a case where it is agreed the essential steps were taken. In simplest form this argument is that, it being agreed most of the statutory requirements were met, this sufficiently fixed the trial court's jurisdiction to render the default judgment. Such argument is unpersuasive. It is elementary, that the validity of any judgment rests upon the trial court's jurisdiction both of the subject matter and of the parties. Likewise, it is a settled principle that jurisdiction to render a judgment

cannot be conferred by consent or agreement of the parties. See generally 14 Am. Jur., Courts, Sec. 184; 31 Am.Jur., Judgments, Sec. 412. The stipulation disclosed plaintiff's failure to perform one duty imposed by the statute. If this requirement be given effect as an integral step in establishing proof of service there is no merit to the argument, since the parties could not have conferred jurisdiction upon the trial court by agreeing that this requirement was immaterial.

The second contention is that the non-resident service statutes do not require actual receipt of notice to establish jurisdiction if, in fact, the applicable statutory procedure is followed. Summarized, plaintiff's argument is that reasonable construction of the language of the statute makes it apparent that the method or manner of sending the notice is unimportant if the requirement that the notice be sent to the "last known address" is satisfied. And, plaintiff also says the statute cannot be construed as requiring actual receipt of the notice, since this requirement could have been placed therein had the legislature so intended. Thus plaintiff urges the reasonable construction is that the requirement of the return receipt is merely a safeguard against false affidavits, and establishes proof of mailing to the last known address.

Plaintiff cites and relies upon several decisions from other courts, as hereafter noted, and quotes from Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, wherein the Supreme Court considered the constitutionality of a New Jersey statute providing for non-resident service. Therein, it was pointed out that the New Jersey statute contained no provision which would make it "reasonably probable" that a non-resident receive actual notice, and the statute was held unconstitutional for this reason. Also cited by plaintiff are Weiss v. Magnussen, D.C.Va., 13 F.Supp. 948; Powell v. Knight, D.C.Va., 74 F.Supp. 191; Morris v. Argo-Colliner Truck Line, D.C. Ky., 39 F.Supp. 602, and Hendershot v. Ferkel, 144 Ohio St. 112, 56 N.E.2d 205. Examination of these decisions discloses that, in instances where the rule of "reasonable probability" as to delivery of the notice has been applied, the statute simply required mailing notice by registered mail to the last known address.

It is of interest to note that some courts, in construing statutes having only this requirement, have reached the opposite result. See Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Paxon v. Crowson, 8 Terry, 114, 47 Del. 114, 87 A.2d 881; Spearman v. Stover, La.App., 170 So. 259. And see, Weisfeld v. Superior Court, etc., 110 Cal.App.2d 148, 242 P.2d 29, construing a statute, the effect of which was to require actual receipt of notice by the non-resident defendant.

It is unnecessary to indulge in extended comparison of the statutory provisions of different states, or in analysis of the varied conclusions reached by other courts when considering the import of the language of such statutes. As mentioned, courts adhering to the rule of "reasonable probability" as to receipt of the notice were concerned with statutes which simply required sending notice by registered mail to the non-resident's last known address. See Hendershot v. Ferkel, supra.

█ Disposition of the present case may be confined within very narrow limits. Thus we are absolved from consideration of various hypothetical situations which might arise when service of process is attempted to be made. The statute, section 394, explicitly requires mailing of a notification of the filing of summons with the Secretary of State by *restricted registered mail*. Restricted registered mail can be delivered only to the addressee. It requires a return receipt which, of necessity, would require signature of the addressee.

From the foregoing it seems clear the intention of the statute was to require that the non-resident defendant actually should receive such notice. As an integral part of the proof of filing and of service the statute demands that the return registered receipt by filed with the court clerk together with proof of; (1) a copy of the summons filed with the Secretary of State; (2) proof of mailing, or of personal delivery of the notice to the non-resident, by affidavit of the party doing the act;

(3) attachment or indorsement of affidavits to the original instrument to which it relates.

Each of the requirements for making proof of service has an important function in the process of establishing the fact, manner and verity of the service upon a non-resident. The precise enumeration of the steps to be taken in every case wholly negatives the idea that any one of these, in the event of neglect or omission, may be excused or ignored when such service is attempted. It is recognized generally that such statutes are in derogation of common rights. Blashfield's Cyc. of Automobile Law and Procedure (Perm. Ed.) Sec. 5914. The constitutional guaranty of due process requires notice and opportunity to be heard by a court vested with jurisdiction. Jurisdiction depends upon issuance and service of process, and without these jurisdiction does not obtain. In 42 Am.Jur., Process, section 121, the rule is stated:

"Where other than personal service has been effected, the conditions on which such service is permissible must be shown to have existed. Statutes substituting other than a personal service of process must be strictly complied with to give the court jurisdiction, and this compliance must appear affirmatively in the return, * * *."

In Chaney v. Reddin, 201 Okl. 264, 205 P.2d 310, 8 A.L.R.2d 337, cited by defendant, syllabus 1 states:

"Statutes prescribing the manner of service of summons are mandatory and must be strictly complied with in order to vest the court with jurisdiction."

In view of what has been said heretofore it is unnecessary to consider other matters suggested by these parties.

We hold that strict compliance with the provisions of the statutes providing for service of process upon a non-resident defendant is mandatory. Plaintiff failed to comply fully with the requirements relative to making the necessary proof of service. The trial court properly sustained defendant's petition and motion to vacate the default judgment, previously entered.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.