Jimmy WILLIAMS (Plaintiff), Respondent,

v.

Myron T. SHROUT (Defendant), Appellant.

No. 29540.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1956.

Motion for Rehearing or for Transfer to Supreme Court Denied Nov. 13, 1956.

Frank Mashak, St. Louis, for appellant.

Samuel J. Goldenhersh, Arthur Litz, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an appeal by defendant from an order of the trial court overruling his motion to quash an execution. The judgment upon which the execution was obtained was rendered in a suit filed November 6, 1953, in the Magistrate Court of the City of St. Louis. The question presented is whether the judgment is void for want of valid service of process.

The action was for damages to plaintiff's automobile, arising out of a collision between said car and one being driven by defendant. The collision occurred at or near the intersection of Cole and Eleventh Streets in the City of St. Louis, Missouri. The petition alleged that the collision was due to the carelessness of defendant. The prayer of the petition was for damages in the sum of $200, and costs.

The defendant was a nonresident of the State of Missouri.

On November 9, 1953, a summons was issued for service upon defendant under the Nonresident Motorist's Law, Section 506.200 et seq. RSMo 1949, V.A.M.S. In said summons the defendant's address was given as Box 122, East St. Louis, Illinois. By this summons defendant was commanded to appear before the Magistrate Court on the 1st day of December to answer the plaintiff's complaint. Upon this summons a return was made by the Sheriff of Cole County. This return recited that the writ had been executed November 10, 1953, by delivery of a copy of the writ and petition to Will Davis, the Chief Clerk to the Secretary of State, the latter being absent from Cole County at the time of said service.

On December 1, 1953, the cause, on plaintiff's motion, was continued to December 21, 1953. On the latter date an alias summons was ordered to be issued. This alias summons was thereafter issued on December 28th. It commanded the appearance of defendant to answer plaintiff's complaint on January 20, 1954. In said summons defendant's address was given as Box 81, East St. Louis, Illinois. Upon this summons a return was made by the Sheriff of Cole County. This return recited that the writ had been executed on January 11, 1954, by delivering a copy of the writ and petition to Will Davis, Chief Clerk to the Secretary of State, the latter being absent from Cole County at the time of said service.

On January 11, 1954, the Secretary of State, through his Chief Clerk, mailed to defendant a notice of the service of said summons, together with a copy of the writ and petition. These documents were sent by restricted registered mail to defendant at Box 81, East St. Louis, Illinois. In an affidavit of Will Davis, Chief Clerk, which was filed in said cause, it is stated that attached thereto was the statement from the postal authorities that the addressee could not be found.

On February 19, 1954, the cause was called for trial. Defendant failed to appear and a default judgment was rendered in favor of plaintiff in the sum of $196.42, and costs. Thereafter, an execution was issued, and in aid thereof a writ of garnishment was sued out directed to Automotive Engraving Company as garnishee.

On October 1, 1954, defendant, through his counsel, entered a special appearance and moved to quash the execution and garnishment, on the ground that the "court had no jurisdiction over defendant in this

suit as appears on the face of the record by the return filed by the Secretary of State of Missouri; that defendant was not served by process in this case and that he was not found." This motion was sustained by the Magistrate. Thereafter, an appeal was taken by plaintiff to the Circuit Court. The Circuit Court, by an order duly entered of record, overruled said motion. From said order, defendant appealed.

Appellant contends that the rendering of judgment without actual service of notice is a violation of his constitutional right to due process of law under the Fourteenth Amendment to the Federal Constitution.

█ If this constitutional question had been raised at the first opportunity, we would be without jurisdiction of the appeal. However, appellant failed to raise this constitutional question at the first opportunity. The point first appeared in appellant's brief filed in this court. This was too late. We therefore have jurisdiction of the appeal, and must determine whether actual delivery to defendant of the notice and suit papers was, under the terms of the statute, Section 506.240 RSMo 1949, V.A.M.S., essential to valid service. Said statute reads as follows:

"2. The secretary of state shall immediately mail to the defendant, and to each of them if there be more than one, by restricted, registered mail, addressed to the defendant at his last known address, residence or place of abode a notice of such service and a copy of such process and petition."

█ The statute does not by its terms require actual delivery to defendant of the registered mail containing the notice and suit papers. Nor does it do so by implication. In fact, the provision for mailing to the "last known address" indicates that the Legislature did not intend to make delivery essential to valid service. Hendershot v. Ferkel, 144 Ohio St. 112, 56 N.E. 2d 205.

It is our opinion that actual delivery is not required by Section 506.240, supra, and that the service of process in this case was valid. Hendershot v. Ferkel, 144 Ohio St. 112, 56 N.E.2d 205; Sorenson v. Stowers, 251 Wis. 398, 29 N.W.2d 512; Morris v. Argo-Collier Truck Line, D.C.Ky., 39 F.Supp. 602; Wax v. Van Marter, 124 Pa. 573, 189 A. 537; Powell v. Knight, D.C.Va., 74 F.Supp. 191.

It is next urged that the so-called "Long Arm Statute" is not applicable to suits in Magistrate Courts. There is no merit to this contention.

The law is one of general scope, subjecting the nonresident to the jurisdiction —not of any particular court—but to the "jurisdiction of the courts of this state." In our view, the legislative intent was to extend the remedy to all courts having jurisdiction of the subject matter referred to in the statute, that is, actions for damages to persons or property arising out of the operation of motor vehicles by nonresidents upon the highways of this state.

Finding no error in the record, the judgment is affirmed.

RUDDY, J., and ELMO B. HUNTER, Special Judge, concur.