**M. H. WILLIAMS, and Franklin & Williams Poultry Company, a co-partnership, Plaintiffs in Error,**

v.

**Benjamin T. EGAN, Defendant in Error.**

**No. 37063.**

Supreme Court of Oklahoma.

March 5, 1957.

George E. Fisher, Rex H. Holden, Oklahoma City, Memminger & Cook, Atoka, for plaintiffs in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

JOHNSON, Justice.

The parties will be referred to herein as they appeared in the trial court.

Benjamin T. Egan, plaintiff, filed suit against defendants W. C. Franklin and H. M. Williams, individually, and as co-partners doing business as Franklin and Williams Poultry Company, and Otis Fay Cluck, the driver of their vehicle, to recover personal injury damages arising out of an automobile collision.

The action was dismissed as to W. C. Franklin, individually, and Otis Fay Cluck. The cause was tried to a jury. The jury rendered a verdict for plaintiff for $5,000. The trial court approved the verdict and rendered judgment accordingly. Defendant H. M. Williams, for himself and for the partnership, appeals.

The single issue presented is whether the trial court had jurisdiction over the defendants. The court had jurisdiction if defendants were served with process as provided for under the non-resident motorist statute, 47 O.S.1951 § 391 et seq.

In this connection the record discloses that in Atoka County, Oklahoma, on November 13, 1951, Otis Fay Cluck was driving a truck for Franklin and Williams Poultry Company which collided with an automobile driven by plaintiff, causing the damage for which judgment was rendered. Service of summons was made upon the secretary of state as provided for under 47 O.S.1951 § 391 et seq. A copy of the summons and notice was sent to W. C. Franklin and H. M. Williams, individually, in care of Franklin and Williams Poultry Company, and also copies of same to the defendant Franklin and Williams Poultry Company, a co-partnership, at its last known address, 2712 Coombs Street, Dallas, Texas, which was admittedly their business address at the time of the accident and was their last known address. The copies of the summonses and notices were never delivered to the defendants at the above address because they had gone out of business and left no forwarding address. The letters were returned to plaintiff and filed in the office of the court clerk showing no delivery. The forms used in the United States Post Office for return receipt and the delivery of registered letters known as "return receipt requested" were not returned with the letters, since it was shown by the testimony of a United States postal employee that under the regulations of the Post Office Department such unsigned "return receipts" were destroyed by postal employees, and only the letters were returned where delivery was not made.

It is undisputed that plaintiff's attorney made inquiry as to the address of defendants and that notices of suit were mailed by restricted registered mail to the defendants at 2712 Coombs Street, Dallas, Texas, and that the affidavit of mailing shows that the notice was mailed to H. M. Williams, individually, and to the Franklin and Williams Poultry Company, a co-partnership, addressed to 2712 or 2716 Coombs Street, Dallas, Texas, stating that said address was the last known residence of said defendants; that the returned envelopes were filed in the District Court of Atoka County, Oklahoma, showing "Returned to Writer, Moved Left No Address."

It is also undisputed that defendant's answer date was January 12, 1954, and that on January 4, 1954, a letter was written to the Employers Liability Assurance Corporation, Ltd., of Boston, Massachusetts, advising that corporation that its insured, Franklin and Williams Poultry Company of Dallas, Texas, and the individuals comprising said partnership, W. C. Franklin and H. M. Williams, had been sued in the District Court of Atoka County, Oklahoma, for damages which arose out of the accident. The insurer was also advised that letters addressed to the defendant containing copies of the summonses along with other pertinent papers, though forwarded to the defendant partnership and the individual defendants, had been returned not delivered. Thereafter, prior to answer date, on January 11, 1954, a formal motion to quash summons was filed by all of the defendants. On January 27, 1954, defendants' motion to quash summons was overruled by the District Court of Atoka County, and the defendants excepted to the court's ruling. On February 6, 1954, the defendants filed a motion to make more definite and certain and a general demurrer, which pleadings were overruled on February 23, 1954. Thereafter, on March 13, 1954, the defendants filed their answers of general denial, with affirmative allegations of contributory negligence on the part of the plaintiff. On April 9, 1954, the defendants filed an amendment to the answer wherein defendants interposed the further defense of unavoidable casualty. The answers, as in motions, raised no question of jurisdiction or venue.

On December 1, 1954, the defendant Williams moved for a continuance, which was granted, but no question of jurisdiction or venue was raised.

At pre-trial conference no question of jurisdiction was raised, and no objection was interposed as to the manner in which service had been obtained in the cause. But, to the contrary, defendants stated to the court that the parties were proper, necessary and properly identified and that the issues were made up.

The cause was set for trial on June 21, 1955. The defendants renewed the motion to quash summons and service, which was again overruled, and the cause proceeded to trial resulting in judgment as hereinbefore mentioned.

It is argued that plaintiff failed to substantially comply with the provisions of the applicable statute, 47 O.S.1951 § 391 et seq., because that a period of almost two years after the accidental injury and dissolution of the partnership had elapsed before the letters containing pertinent notices and papers were addressed to the place of business, which was never the last known address or the place of residence of W. C. Franklin or H. M. Williams, but to an address which had been abandoned as their place of business for approximately two years; that meanwhile one of the partners (W. C. Franklin) had died. The other partner (H. M. Williams) remained where he had lived (Kit Lane, Star Route, Irvin, Texas) for many years.

Admittedly, however, as shown by the evidence of defendant H. M. Williams, the employee (truck driver) was expected in case of an accident to give the highway patrol the address of his employer, Franklin and Williams Poultry Company, a co-partnership, 2712 Coombs Street, Dallas, Texas (which was done in the instant case by Otis Fay Cluck, defendants' truck driver) and that he was never instructed

otherwise; that as far as their (W. C. Franklin and H. M. Williams) personal business transactions were concerned, that 2712 Coombs Street, Dallas, Texas, was where they got their mail, and that when they left 2712 Coombs Street, Dallas, Texas, they did not give the post office a forwarding address for mail either for the partnership or as individuals. Also, H. M. Williams testified that he had knowledge of the collision of their truck with plaintiff's automobile within hours after the accidental collision, which admittedly occurred on November 13, 1951, prior to the dissolution of the partnership and abandonment of their Dallas, Texas, address.

The cause having been dismissed as to all the defendants except Williams individually and Franklin and Williams Poultry Company, the partnership, we are concerned herein with whether or not either of the remaining defendants were properly in court.

In Hays Freight Lines v. Cheatham, Okl., 277 P.2d 664, 48 A.L.R.2d 278, we said that the non-resident motorist statute imposing contractual obligation on non-resident motorists, who use the highways of this state for operation of their motor vehicles, was intended to facilitate enforcement of civil remedies by those injured in their person or property by the negligent operation of motor vehicles on the highways of this state. And, in Hendershot v. Ferkel, 1944, 144 Ohio St. 112, 56 N.E.2d 205, 208, it was said that " '[The cited] cases and others indicate a general trend of authority toward sustaining the validity of service of process, [on non-resident motorists] if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle we think should apply here.' "

The purpose of our statute is unquestioned. But defendants contend that Hicks v. Hamilton, Okl., 283 P.2d 1115, conclusively settles the question of lack of jurisdiction due to failure to substantially comply with the statute, 47 O.S.1951 § 391 et seq., in obtaining out of state service on non-resident motorists who have been sued within this state. We do not agree. In that case the judgment was by default. Therein following the well-established rule that if there is any way a default judgment may be set aside and a trial on the issues allowed, it should be done; and we held that the defendant, a non-resident motorist, had no notice as provided for under our statutes pertaining to service of summons and notice, and sustained the action of the trial court in vacating the default judgment on motion of the defendant. The defendant therein made no appearances personally or by attorney, and at no time waived any statutory right, or asked for any affirmative relief. The notice by registered mail was sent to the non-resident motorist's actual address during his absence, and was not delivered for that reason. In the instant case, service of summons was made under the non-resident motorists statute of the State of Oklahoma, 47 O.S.1951 §§ 391–403, by mailing to each of the defendants as provided for under the statute, 47 O.S.1951 § 394(b), within ten days after the filing of said summons or notice with the Secretary of State by restricted registered mail addressed to the defendants at their last known residence or abode (or address), a copy of the petition and notification of said filing with the Secretary of State, which registered letters were undelivered to the partnership or the defendants individually, but were returned to plaintiff marked "Returned to Writer, Moved Left No Address." The returned envelopes and contents were filed in the case in the trial court.

Under such circumstances, notwithstanding the language used in Hicks v. Hamilton, supra, which case in so far as same is in conflict with our holding herein is overruled, we cannot subscribe to the contention that it is an absolute requisite to good and valid service that defendants actually receive a copy of the summons and petition in order to vest jurisdiction in the courts of this state, out of

which the summons was issued, as to do so would destroy the intent and purpose of the law. It would enable non-resident motorists to avoid liability for damages caused to persons and property by their negligent and wrongful operation of motor vehicles upon the highways of this state by simply moving (without leaving a forwarding address) from the address given to the law officers and injured persons to some other place not designated by them. The statutory provisions in themselves show a legislative intent to provide for cases in which notice is not actually delivered to the defendant. Such statutes need only to indicate that there is reasonable probability that the defendants sued under such statute will receive actual notice. See Hendershot v. Ferkel, supra, and State ex rel. Charette v. District Court of Second Judicial District in and for Silver Bow County, 107 Mont. 489, 86 P.2d 750. For other cases see 5, 5th Dec.Dig., Automobiles, Particularly see Morris v. Argo-Collier Truck Lines, D.C., 39 F.Supp. 602, 603, and Williams v. Shrout, Mo.App.1956, 294 S.W.2d 640.

In Hendershot v. Ferkel, supra, the court construed an almost identical statute, except that the Ohio G.C. § 6308–2 provides that such notice must be sent by registered mail to the defendant addressed to his "last known address" (while our statute, 47 O.S. 1951 §§ 394(b) and 395, provide that such registered mail be addressed to defendant's address or last known residence or place of abode as definitely as known) and that "the registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process." And, in referring to the phrase, "last known address," the court at page 208 of 56 N.E.2d, supra, (reversing the Ohio Court of Appeals, 74 Ohio App. 106, 57 N.E.2d 819) said:

"The question here is whether under the provisions of Section 6308–2, General Code, actual notice to the defendant is required. *The provision for mailing the copy of summons 'to the last known address' in itself evidences a legislative intent to provide for cases in which notice is not actually delivered to the defendant. Were it intended in every case that notice be actually delivered to a defendant, there would be no necessity for providing that notice should be sent to a particular place, to wit, the 'last known address.'*

"The statutes of Ohio do not generally require that a defendant receive the summons in order that service be complete. Section 11286, General Code, which is the section providing the method of service in civil actions in this state, provides as follows: 'The service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence; or, *if the defendant is a partnership sued by its company name, by leaving a copy at its usual place of doing business,* or with any member of such partnership. The return must be made at the time mentioned in the writ, and the time and manner of service shall be stated on the writ.'

"It is to be observed that actual delivery of the summons to the defendant is not essential to accomplish valid service. Valid service may be effected by 'leaving a copy at his usual place of residence.'" (Emphasis ours.)

 If, as contended by defendants, it were true that the statute meant that service may only be had by sending notice only to the last known residence or abode of the defendants, as individuals and not to the partnership at its address or last known place of business or abode as definitely as known, then there would be no means of serving process upon a partnership unless the individual defendants resided at the place of the partnership business.

Defendants made general appearances and availed themselves of the full benefits of appearances, continuances (as provided for in actions against non-resident motor-

**278**

ists, 47 O.S.1951 § 401), pretrial conferences, available defenses and trial, and had they prevailed in the trial by a favorable jury verdict, in the absence of reversible error committed during the trial, such verdict would have concluded the rights of plaintiff to a recovery.

Under the circumstances reflected by the record herein, we think, and so hold, that there was a substantial compliance with the applicable statutes, and that the service upon the Franklin and Williams Poultry Company, a co-partnership, was valid and that the court had jurisdiction to try the cause and render judgment in the case.

The judgment is affirmed.

WELCH, C. J., and HALLEY, BLACK-BIRD and CARLILE, JJ., concur.

WILLIAMS, J., concurs in result.

DAVISON and JACKSON, JJ., dissent.