Harold J. DIAL, Plaintiff,

v.

Thomas David IVEY, Defendant.

John B. DIAL, Plaintiff,

v.

Thomas David IVEY, Defendant.

Civ. Nos. 73–198, 73–199.

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 7, 1974.

Clifford K. Cate, Jr., Muskogee, Okl., Ben T. Benedum, Norman, Okl., for plaintiffs.

Donald G. Hopkins, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

These companion cases arise from an automobile accident occurring July 5, 1971 in Muskogee County, Oklahoma. The Plaintiffs are Oklahoma citizens and Defendant is a citizen of Georgia. The actions were filed in this Court on July 3, 1973. Summons in each case was issued on that date and served on the Oklahoma Secretary of State in accordance with the provisions of the Oklahoma Nonresident Motorist Act (47 Oklahoma Statutes § 391 et seq). Plaintiffs' attorney mailed Notice of Suit to Defendant by Certified Mail to an address in Sharpsburg, Georgia, which Notice was returned to sender marked "Moved—Left No Address". Plaintiff's attorney asserts in his Proof of Mailing that the Notice was mailed to Defendant at his last known address. Plaintiffs subsequently learned of Defendant's whereabouts and had a summons issued August 30, 1973 which was served personally on Defendant in Atlanta, Georgia along with a copy of the Complaint on September 7, 1973.

Defendant has filed a Motion to Dismiss in each case urging that the statute of limitations has run. He alleges that no service was effected by the summons issued July 3, 1973 and that the statute of limitations had run by the time Defendant was personally served with summons September 7, 1973.

In their Response to the Motions to Dismiss, Plaintiffs urge that the service requirements of the Oklahoma Nonresident Motorist Act were complied with and the service of July 3, 1973 was effective.

Defendant has replied to the Responses of Plaintiffs alleging that Plaintiffs failed to comply with the provisions of 47 Oklahoma Statutes 1971 § 398 relating to proof of service because they failed to file the required Proof of Mailing until October 10, 1973, after the Defendant's Motions to Dismiss were filed October 9, 1973. Defendant urges that strict compliance with the provisions of the Oklahoma Nonresident Motorist Act is required to effect valid service under the Act.

■ Service of process in this diversity action is governed by Rule 4(d)(1) and (7), Federal Rules of Civil Procedure, which provides same may be made in accordance with the laws of the state in which the District Court is held. Parks v. Slaughter, 270 F.Supp. 524 (W.D.Okl.1967). The defense of limitations is also governed by the law of the State where the action arises. Bechler v. Kaye, 222 F.2d 216 (Tenth Cir. 1955).

■ In the instant case, it must be determined if the Defendant was served in accordance with the laws of Oklahoma and whether the action was commenced within the applicable period of limitations. Actions for personal injuries are required to be brought within two years from the date the injuries occurred. 12 Oklahoma Statutes 1971 § 95. An action is deemed commenced for the purposes of computing the limitations period as set out in 12 Oklahoma Statutes § 97 which provides:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons, or if service is sought to be procured by mailing, by a receipt of certified mail containing summons, within sixty (60) days."

The procedure for serving summons pursuant to the Oklahoma Nonresident Motorist Act was set out in Moore v. Dunham, 240 F.2d 198 (Tenth Cir. 1956) to be:

"Oklahoma's Nonresident Motorist Act provides for the service of summons on a nonresident motorist defendant by serving a copy of the original summons or notice of suit with the Secretary of State, 47 O.S.A. § 394(a), and by mailing notification of suit to the defendant by restricted registered mail at his last known residence or place of abode, within ten days after serving notice on the Secretary of State. 47 O.S.A. § 394(b). A return receipt is required, 47 O.S.A. § 396, (Since repealed) which shall be filed with the Clerk of the district court in which the action is brought. 47 O.S.A. § 398."

In this action, summons was issued July 3, 1973. Plaintiffs' attorney mailed notice of suit to Defendant July 10, 1973 according to the postmark on the letter filed as an exhibit to the Proof of Mailing. In this Proof of Mailing, it is asserted that this Notice of Suit was sent to Defendant at his last known address and that same was returned "Moved—No address."

In Williams v. Egan, 308 P.2d 273 (Okl.1957), it was held that service was valid when the Nonresident Motorist Act was substantially complied with. In the instant case, the provisions in 47 Oklahoma Statutes 1971 § 394 requiring service on the Secretary of State and requiring notice to be sent to the Defendant at his last known address were complied with.

Defendant complains that the Plaintiffs failed to strictly comply with the provisions of 47 Oklahoma Statutes 1971 § 398 which provides:

"Proof of [mailing] of a copy of said summons or original notice of suit with the Secretary of State, and proof of the mailing or personal delivery of said notification to said nonresident shall be made by affidavit of the party doing said acts. All affidavits of service shall be endorsed upon or attached to the originals of the papers

to which they relate. All proofs of service, including the return registry receipt, shall be forthwith filed with the Clerk of the District Court."

As noted, Plaintiffs did not file their proof of service until after Defendant filed the Motions to Dismiss under consideration at this time. In Hicks v. Hamilton, 283 P.2d 1115 (Okl.1955) the Court stated:

"We hold that strict compliance with the provisions of the statutes providing for service of process upon a non-resident defendant is mandatory. Plaintiff failed to comply fully with the requirements relative to making the necessary proof of service. The trial court properly sustained defendant's petition and motion to vacate the default judgment, previously entered."

In Williams v. Egan, *supra*, the Court stated:

"Under such circumstances, notwithstanding the language used in Hicks v. Hamilton, supra, which case in so far as same is in conflict with our holding herein is overruled, . . ."

An examination of the holding in Williams v. Egan, *supra*, indicates that service under the Oklahoma Nonresident Motorist Act is valid if the Plaintiff substantially complies with the statutory provisions. It specifically held that sending the notice to defendant at his last known address constitutes substantial compliance with the statutory service provisions and that actual receipt of the notice by Defendant is not required. The Court based its decision on the rationale that the statutory provisions are such that there is a reasonable probability that a defendant sued under such statute will receive actual notice of suit.

In the instant case, the only provision of the Oklahoma Nonresident Motorist Act service procedure not strictly complied with was the filing of the proof of mailing. The filing of same is ministerial and the ultimate filing of same cures the alleged defect. Plaintiffs have substantially complied with the statutes and substituted service of Defendant by serving the Oklahoma Secretary of State which constitutes valid service on Defendant.

The basic purpose of the Oklahoma Nonresident Motorist Act is found in 47 Oklahoma Statutes 1971 § 391 which provides:

"The use and operation of a motor vehicle in this State on the public highways thereof by a person who is a nonresident of this State shall be deemed:

(a) an agreement by him that he shall be subject to the jurisdiction of the district courts of this State over all civil actions and proceedings against him for damages to person or property growing or arising out of such use or operation, and

(b) an appointment by such nonresident of the Secretary of State of this State as his lawful attorney upon whom may be served all summons or original notices of suit pertaining to such actions and proceedings, and

(c) an agreement by such nonresident that any summons or original notice of suit so served shall be of the same legal force and validity as if personally served on him in this State."

Thus, the instant action is deemed to have been commenced July 3, 1973, the date of the summons served on Defendant's statutory service agent. The personal service on September 7, 1973, is not the basis for valid service herein and need not be considered. It did serve to accomplish actual notice of the actions to Defendant. It also demonstrates a good faith effort on the part of Plaintiffs to get Defendant in Court and accomplish actual notice. Defendant's Motions to Dismiss are overruled. Defendant is directed to answer each Complaint herein within twenty (20) days of this date.