Thomas Dean **SNYDER**, who sues by and through his Father and Next Friend, John Snyder, Appellant,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY**, a Missouri Corporation, Appellee.

No. 48118.

Supreme Court of Oklahoma.

March 30, 1976.

J. Warren Jackman, Walker, Jackman & Associates, Inc., Tulsa, for appellant.

Sidney G. Dunagan, Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, for appellee, Southwestern Bell Tel. Co.

LAVENDER, Justice:

This is a personal injury action brought by minor Thomas Dean Snyder (plaintiff) through father as next friend. Injury occurred August 8, 1971. Petition filed January 9, 1973, against two defendant entities not involved in this appeal. Plaintiff minor obtained his majority November 17, 1972. Within a year thereafter, November 2, 1973, Southwestern Bell Telephone Company (defendant or Bell) was made a party defendant through an amended petition. Summons issued and plaintiff elected and atempted service by mailing that date to service agent of Bell. 12 O.S.1973, § 153.-1.[1] Mailing was by certified mail restricted to addressee only, as required. Upon delivery at the address in due course by the mail service, the addressee-service agent was not available. The mailing was not left. Postal notice of attempted delivery was left at the service agent's address. In due course, the postal service returned the mailing to the court clerk as not delivered. That returned mailing was filed in the case November 26, 1973. New summons was issued on Bell, February 26, 1974, with service on the service agent through the sheriff of Oklahoma County, March 5, 1974.

Plaintiff argues the sufficiency and validity of the first service by mail. Plaintiff does not otherwise argue the misapplication of the statute of limitations, i. e. the time period to be applied, a miscalculation of time, or extension of the period through 12 O.S.1971, § 154.5. Plaintiff would impose a duty upon a service agent to be readily available. Plaintiff contends that "due process" is not met if actual delivery of the mailed summons is necessary and notice or knowledge of attempted delivery requires the service agent by affirmative action to effect delivery. Plaintiff suggests the service agent's inaction estops Bell from asserting the statute of limitations or the validity of service on it. We do not agree.

---

1. Now cited as 12 O.S.Supp.1975, § 153.1 and reads:

"§ 153.1 *Service of summons or court orders by sheriff or by mail by clerk—Service outside county.*—At the election of the plaintiff, the summons or an order of the court shall be served by the sheriff or shall be served by the clerk by mail.

"(a) A summons to be served by the sheriff shall be delivered by the court clerk or an attorney of record for the plaintiff to the sheriff. When a summons, subpoena or other process is to be served by the sheriff of another county, the court clerk shall mail it, together with his voucher for the fees collected for said service, to the court clerk of that county. The sheriff shall serve the process in the manner that other process issued out of the court of his own county is served. The court clerk shall deposit the voucher in his depository account and thereafter transfer the amount thereof to the treasurer of that county for deposit in the general fund of the county.

"(b) If the summons is to be *served by mail*, the clerk shall enclose the summons and a copy of the petition and/or order of the court to be served in an envelope addressed to the defendant, or to the resident service agent if one has been appointed, prepay the postage and mail said envelope to said defendant, or service agent, by certified mail with a request for a return receipt from addressee only. The clerk shall endorse on a copy of said summons and/or order of the court which is filed in the action the date that the summons and petition and/or order was mailed to the defendant, or service agent, and the day when service by mail was receipted and he *shall attach* to said copy of the summons and/or order *the receipt for the certified letter and the return card*, and no other return shall be necessary. Where there is more than one defendant, a copy of the summons, with a copy of the petition attached and/or order shall be mailed in a separate envelope to each defendant." (Emphasis added.)

Here the plaintiff elected the statutory means of mailing to secure service, § 153.-1(b). Plaintiff could have elected the statutory means of service by the sheriff, § 153.1(a). The latter method was the choice of the plaintiff on the second summons and at a later date. November 26, 1973, the mailing was filed in the case bearing the notation "no delivery." Plaintiff must be charged with the knowledge of nondelivery as of that date. Plaintiff is charged with knowledge of non-compliance with § 155(b), as amended Laws 1973. Under that section for service to be considered effected a return receipt must be delivered to the court clerk issuing service within twenty-one days from the date on which the summons was mailed by the clerk. No other attempt of service was made until February 26, 1974. Then, the action was barred. Bell raised this defense. It was not a lack of "due process" but plaintiff "sleeping on his rights" which prevented good service.

■ We know of no requirement, statutory or otherwise, the service agent must remain immediately available or affirmatively aid in the service of process on his principal. No evidence is here shown, nor is it actually argued, the service agent intentionally attempted to avoid service.

■ This is not a case where the service agent refused acceptance of service. Such authorities cited by plaintiff in his brief are distinguishable and not persuasive. Plaintiff asserts compliance with the statutory service through substantial compliance and notice of suit through leaving at the address the postal notice of attempted delivery. At most, this was notice to the restricted addressee of a certified mailing available to the address upon that addressee personally picking up the mailing; or the addressee could have requested a re-delivery. We find no affirmative duty is required of that service agent to aid service other than to accept service or delivery.

Plaintiff cites *Williams v. Egan,* Okl., 308 P.2d 273 (1957) and argues substantial compliance with the service statute in that actual delivery through mailing is not necessary. Service was held sufficient upon a non-resident motorist where service was through the Secretary of State and mailed to the last known address of the defendant. There was no actual delivery for defendant had moved. This court, in quoting and emphasizing language found in *Hendershot v. Ferkel,* 144 Ohio St. 112, 56 N.E.2d 205 (1944), stressed a legislative intent of actual delivery not being essential through the phrase "last known address." Here, the statutory requirements evidence a contra legislative intent with actual delivery necessary. This is demonstrated by requiring a receipt from the addressee only, § 153.1(b), and service not to be considered effected unless within 21 days from mailing the return receipt appearing to bear the addressee's signature is delivered to the court clerk issuing the summons, § 155 as amended Laws 1973. We find *Williams, supra,* does not control the case at bar.

Here, there was non-compliance with the statutory requirement for service by mailing to be effected. Plaintiff had sufficient opportunity to effect service on the defendant. This was not accomplished before the action was barred. Bell had every right to raise that defense.

Affirmed.

DAVISON, IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.