TABOR *v.* MASON DIXON LINES, INC., *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

On Petition to Rehear February 11, 1954.

PHILLIPS & HALE, of Rogersville, for plaintiff in error.

BEN C. DAVIS, ERNEST F. SMITH, and M. LACY WEST, all of Kingsport (PENN, HUNTER, SMITH & DAVIS, of Kingsport, of counsel), for defendant in error Scottie Powers.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error instituted this suit against the defendant Scottie Powers, in his administrative capacity, and others to recover damages for personal injuries and property damage sustained in an automobile accident which occurred in this State on November 18, 1951. The defendant Scottie Powers was a nonresident of Tennessee and was using the roads of Tennessee when the accident occurred. The original summons was issued on November 13, 1952. The process was served on the defendant, Scottie Powers under our non-resident substituted service statute, Section 8671, Code, by serving it on the Secretary of State of Tennessee on November 25, 1952. The defendant then filed pleas in abatement claiming, in substance, that the agency of the Secretary of State to accept service of process for nonresident defendants had expired on November 18, 1952, or one year after November 18, 1951, as provided by Code Section 8671 when the Secretary of State attempted to accept service as an agent on and after November 25, 1952, and that therefore, the Secretary of State was not the defendant's agent, and was without authority at the time that he accepted service of process to accept service for the defendant.

After argument and briefs the trial court sustained the defendant's pleas in abatement. The necessary proceedings were then had and an appeal duly perfected to this Court where able argument has been heard and we now have the case for determination. We have read and reread briefs of the parties and have spent several days making an independent investigation of the question. Frankly the question is extremely interesting and rather intriguing, to say the least.

Under Code Section 8671 a nonresident using the

roads of this State upon which to operate his vehicle agrees that if there is an accident in this State that the Secretary of the State of Tennessee "shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by any person against him, arising out of any accident or injury occurring in this state * * *. *The agency of the secretary of state to accept service of process shall continue for a period of one year from the date of any accident or injury* and shall not be revoked by the death of such nonresident within such period of one year." (Italics ours.)

■ ■ It is the very earnest and rather plausible sounding argument of the plaintiff in error that this statute should be considered a limitation statute and read in pari materia with Code Section 8571 which provides in substance that the suing out of the summons is the commencement of an action and that even though it is not served on the defendant within the year, if proper action is taken, that the suing out of the summons will be sufficient to toll the one year statute of limitations Code Sections 8592, 8595. In the case of *Carroll* v. *Matthews,* 172 Tenn. 590, 113 S. W. (2d) 742, this Court did hold and construe Code Section 8671 (constructive service and agreement statute) in pari materia with our general venue statute in civil actions. The rule of interpretation, in pari materia, is set forth in *Stevens* v. *Linton,* 190 Tenn. 351, 354, 229 S. W. (2d) 510. For such a rule to be applicable it is necessary that the statute to be construed is ambiguous and, or its significance is doubtful and we are not to apply the rule to effect a construction contrary to the manifest intention of the Legislature. It seems to us that it was the intention of the Legislature enacting

the Code Section presently under consideration (8671) that their intention was to make this an agreement statute for those nonresidents using our roads to agree that one in this State (The Secretary of the State of Tennessee) should be the agent of the nonresident using our roads. This is not a limitation statute but an appointing statute appointing this official as the agent of the nonresident. There being no ambiguity in this statute we do not think that the statute should be read in pari materia with the limitation statute or the saving statute Code 8571 above referred to.

In *Arrowood* v. *McMinn County,* 173 Tenn. 562, 121 S. W. (2d) 566, 119 A. L. R. 855 this Court held that the absence of nonresidents from this State who had used the roads of our State for the purpose of operating their automobiles and had absented themselves from the State did not toll the one year Statute of Limitations in view of the statute (8671) authorizing service on the defendants through the Secretary of State, since the nonresident defendants were for purposes of service considered to be residents of the County wherein the action was authorized to be brought. It therefore would appear that this question is not available to the plaintiff in the instant case.

 In applying and construing the substitute service statutes, Sec. 8671 et seq., it is the duty of the Court to give the statute a strict construction as such statutes are in derogation of common rights and strict compliance therewith must be observed. *Ellis* v. *Georgia Marble Co.,* 191 Tenn. 229, 232 S. W. (2d) 45. When we thus construe the statute in question (8671) in the light of its very plain language it is rather obvious that the agency of the Secretary of State of Tennessee for the nonresident only extends one year from the date of the accident. It

is a general proposition of law that "unless otherwise agreed, an agent is subject to a duty not to act after the termination of his authority". Restatement of the Law, Agency, Sec. 386. When an agency or authority as conferred in this statute is plain and unambiguous as being specified for a certain time it seems to us clearly and under authority which is unquestioned that "upon the expiration of the time specified in the instrument, the agency will, without action on the part of the principal or agent or attorney in fact, terminate". 2 Am. Jur., Agency, Sec. 55, page 49.

The authors of American Jurisprudence under the title Process at page 31, Sec. 33 say: "Acceptance of service of process which will preclude an objection to defects therein may be made in one's behalf by his agent, but it must be made to appear that such agent was authorized to bind his principal by the acceptance of process."

Under the clear factual situation as shown herein and the unambiguous language of the statutes the agency of the Secretary of State to accept service for this nonresident expired one year from the date of the accident or injury complained of.

After due consideration we must affirm the judgment of the trial court at the cost of the plaintiff in error.

## On Petition to Rehear.

The plaintiff in error has filed herein a courteous, dignified and forceful petition to rehear. The arguments made in this petition are made in a somewhat different manner from those as made in the original brief but as a matter of fact they are the same arguments heretofore made and very thoroughly considered by us. We in our

original opinion refer to the cases as cited in this petition and even though the arguments were not originally made as now made such were considered by us in our effort to arrive at the correct conclusion in this case. Frankly we tried in every way to find a legal solution so that the suit as instituted might be maintained but we were unable to do so for the reasons expressed in our original opinion. It must be remembered from a consideration of what we said in our original opinion and from our re-study of the matter that the law on agency controls this suit and not the law on the tolling of the statute of limitations as to personal injuries or otherwise.

The original record showing the return of the Secretary of State shows that he received the summons in this case on November 25, 1952 or more than one year after the date of the accident. This return as made by the Secretary of State should be considered the same as an officer's return reciting the execution of process. See Summons and Process, 14 Michie's Digest, Sec. 20, Effect and Conclusiveness, page 414. The record does not show that the Secretary of State failed to date this affidavit properly. His return is conclusive.

It seems to us that much of the argument that is made herein as to the equities of the situation etc., are arguments that should be made to the Legislature. The Legislature has provided that the Secretary of State shall be the agent of the defendant in error in this case and provided only that he shall be the agent for a period of one year from the date of the accident. If the plaintiff in this case were suing for property damage, where the statute of limitations in our State is three years, and yet he had filed his suit for this property damage within two years clearly under this substituted service statute the

process would not be good because the Legislature had provided that the agency only extends for a period of one year.

We have carefully considered this matter and must overrule the petition to rehear.