ALBERT B. NOSEWORTHY

*v.*

JACK C. ROBINSON.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

DONALDSON, MONTGOMERY & KENNERLY, Knoxville, for appellant.

THOMAS W. THOMSON, Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a damage suit and resulted in the jury verdict and judgment thereon for $2,750 against the defendant, Noseworthy. This appeal in error resulted.

The only question is whether process must be received by the Secretary of State within the one year period for which he was designated as agent by the non-resident, or rather, the Secretary of State received the summons and copy of the declaration within the one year period, however, due to an incorrect address the summons and declaration were returned to the Secretary of State by the postal authorities showing that the defendant, Noseworthy, was unknown or else it had been unclaimed. Following this the correct address was ascertained and copy of the summons and declaration mailed to the correct address in Massachusetts, and Noseworthy signed a receipt for the summons and declaration which receipt was returned to the Secretary of State.

This suit was filed in the Circuit Court of Knox County, on August 28, 1956, in which the declaration stated that the accident complained of occurred on August 31,

1955. It appears that the defendants, Robert and Mrs. Robert LaFosse, were personally served with process on August 28, 1956, and that process was mailed to the Secretary of State by the clerk of the Circuit Court which was received by the Secretary of State as agent of the defendant, Noseworthy, on August 29, 1956.

It further appears that on August 29, 1956, the summons and declaration were mailed to the defendant, Noseworthy, at 105 Ferry Street, Everett, Massachusetts, which process was returned to the Secretary of State undelivered on September 4, 1956; that the defendant was either unknown or said letter was unclaimed. On October 1, 1956, an order was entered directing that an alias summons and certified copy of the declaration be sent to the Secretary of State for service upon the defendant, Albert B. Noseworthy, at 10 South Ferry Street, Everett, Massachusetts, on October 8, 1956, and that the Secretary of State received a return receipt showing that same had been delivered on October 15, 1956.

The real question involved is the service of the first process on August 29, 1956, on the Secretary of State, and whether this brought defendant, Noseworthy, within the jurisdiction of the Circuit Court of Knox County.

*T.C.A. Section 20-224* sets out the method by which nonresident defendants can be brought into this State by service on the Secretary of State for automobile accidents occurring in this State.

The defendant, Noseworthy, entered a special appearance in the case and by plea in abatement challenged the service. This plea in abatement was overruled and the

case proceeded with, submitted to a jury, with the result above indicated.

The defendant relies upon the case of *Tabor v. Mason Dixon Lines,* 196 Tenn. 198, 264 S.W.2d 821, 823. However, in this case it was said:

"The original record showing the return of the Secretary of State shows that he received the summons in this case on November 25, 1952 or more than one year after the date of the accident."

Reliance is also placed in the case of *Oliver v. Altsheler,* 198 Tenn. 155, 278 S.W.2d 675, 677, where it was stated:

"We hold that the second suit having been filed more than one year from the date of the collision is barred by the one year statute of limitations."

In the case of *Bertrand v. Wilds,* 198 Tenn. 543, 553, 281 S.W.2d 390, 395, it is said:

"We readily concede that the statute would be unconstitutional if there was no provision for proper notice upon the nonresident by service of process upon a designated State official, i. e., the Secretary of State." * * *

and further quoting, the Court cites from *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565:

"To prosecute a suit brought in the courts of Tennessee against a nonresident there must be actual service upon him within the state, or upon someone authorized by him to accept service."

And further the Court stated:

"But there is no escape from the conclusion under Code Section 8671 that there is an implied consent by the non-resident's use of the highways of this State that in case of an accident involving the use of his automobile the person injured may have service of process upon the Secretary of State.

For a case directly in point holding that the statute of limitations had not run where there was an incorrect address given see *Reynolds v. Dorrance*, 4 Cir., 94 F.2d 184.

We therefore hold that the trial judge was not in error in overruling the plea in abatement and that the process has been properly served in this cause. The judgment of the lower court will be affirmed.