BEVERLY H. GREENWOOD, Individually and as Administratrix of the Estate of PAUL J. GREENWOOD, Deceased, Respondent, *v.* WALTER H. WHITE, Appellant, et al., Defendant.

Third Department, February 14, 1966.

*Thaler & Thaler* (*Manley H. Thaler* of counsel), for appellant.

*James V. Buyoucos* (*Bruce G. Dean* of counsel), for respondent.

REYNOLDS, J. One of the defendants, Walter H. White, appeals from so much of an order of the Supreme Court, Tompkins County, as denied his motion to set aside the service of a summons against him.

Appellant, a nonresident motorist, was the operator of a motor vehicle involved in a collision which resulted in the death of respondent's intestate on September 15, 1957. At the time of the accident appellant gave his address to the Sheriff's office as Third Avenue, Pahokee, Palm Beach, Florida. Subsequently on September 9, 1959 respondent, attempting to effect service pursuant to then section 52 of the Vehicle and Traffic Law (now § 253), served a copy of a summons and complaint on the Secretary of State of the State of New York and also sent a copy by registered mail return receipt requested to appellant at the address given by him. Both this mailing and a subsequent one were returned to respondent, the latter with a notation on the face "No such address" "Unknown". Respondent, thereupon, on September 29, 1960 filed in the Tompkins County Clerk's office a copy of the summons and complaint, the notice attached with respect to service upon the Secretary of State, the registered mail sent and returned and an affidavit of the history of investigation conducted and mailings made. Special Term, while recognizing that there was a lack of compliance with section 52 since neither a return receipt purportedly signed by the appellant or his agent nor an original envelope containing a notation that receipt was refused had been filed (*Bauman* v.

*Fisher,* 12 A D 2d 32), nevertheless, held that appellant was "estopped to assert that a return receipt of registered mail was not filed" since it appeared "that the address given was not the correct one."

Under then subdivision 5-a of section 70 of the Vehicle and Traffic Law (now § 600) White was required to give to the investigating officer "his name, residence, including street and number, and license number". Not only was the address given insufficient in that it did not give a street number, but also from the postal department notations on the second registered letter it appears that no such address, in fact, exists. Rather the record indicates that White's last residence in the area was at the Everglades Camp, four miles outside of Pahokee, Florida. Under these circumstances, by voluntarily giving an incorrect address and thereby making respondent's compliance with section 52 impossible, White relinquished his rights to assert noncompliance with section 52 (see 21 N. Y. Jur., Estoppel, Ratification, and Waiver, §§ 88, 92, 100; 92 C. J. S., Waiver, p. 1061).

While unnecessary to our decision, it is noted that there has been no factual refutation of respondent's averments with respect to the erroneous or nonexistent address; from which might fairly be inferred appellant's willful disobedience of subdivision 5-a of section 70 of the Vehicle and Traffic Law, in derogation of its well-recognized and generally-known purpose of aiding investigation and, indeed, the interposition of proper civil remedies. In such a setting, a claim of deprivation of due process would seem misplaced.

The order should be affirmed.

GIBSON, P. J., HERLIHY, AULISI and HAMM, JJ., concur.

Order affirmed, with costs.