**Edward YOX and Peggy Yox, Plaintiffs,**

v.

**Donald Izalah DURGAN, Defendant.**

**Civ. A. No. 893.**

United States District Court
E. D. Tennessee,
Winchester Division.

May 9, 1969.

Clinton Swafford, Winchester, Tenn., for plaintiffs.

C. T. Herndon, III, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This presents an intriguing problem concerning the sufficiency of service of substituted process on the defendant under Tennessee statutes, T.C.A. §§ 20–224, 20–226, 20–227. The plaintiffs have moved for a judgment against the defendant by default, Rules 55(a), (b), Federal Rules of Civil Procedure, and the specially-appearing defendant has moved for a dismissal of the complaint for alleged insufficiency of the service of process, Rule 12(b) (5), Federal Rules of Civil Procedure.

This is a diversity action, 28 U.S.C. § 1332(a) (1), for personal injuries and property damage allegedly resulting from a motor vehicle accident involving the parties on the highways of Tennessee. It is alleged that the plaintiffs are Tennessee citizens and that the defendant is a Texas citizen.

The plaintiffs undertook to serve process on the defendant under the aforecited Tennessee nonresident motorist statutes. A certified copy of the summons and complaint of the summons and complaint herein were mailed to the defendant by the Tennessee secretary of state on October 8, 1968. The letter was returned to him one week afterward with an annotation by the postal authorities: "Moved—Left No Forwarding Address".

The plaintiffs contend that they " * * served * * * " this summons and complaint on the defendant sufficiently in the manner prescribed by Tennessee laws for the service of a summons or other like process upon a defendant in an action brought in the courts of general jurisdiction of Tennessee, Rule 4(d) (7), Federal Rules of Civil Procedure, and that the defendant, against whom they seek a judgment for affirmative relief

has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, entitling them to a judgment by default. Rule 55(a) Federal Rules of Civil Procedure.

The defendant, on the other hand, claims that there has been no service of process on him, that this Court has acquired no *in personam* jurisdiction over him, and that he is entitled to a dismissal of the complaint for insufficiency of such attempted substituted service of process. Rule 12(b) (5), Federal Rules of Civil Procedure.

It is the defendant who is correct: There is no evidence before the Court of any substituted service of process on the defendant through the Tennessee secretary of state. This evidence must have consisted of the " * * * original process, indorsed as below, an affidavit of the secretary of state setting forth his compliance with the requirements of [T. C.A.] § 20–226, and the return-receipt signed by, or duly in behalf of, the defendant * * *." T.C.A. § 20–227. Said return receipt is signed by no one.

 The aforecited Tennessee statutes for the substituted service of process are in derogation of common law rights and, in observance, must be strictly construed by courts. Tabor v. Mason Dixon Lines (1953), 196 Tenn. 198, 202 [3], 264 S.W.2d 821, citing Ellis v. Georgia Marble Co. (1950), 191 Tenn. 229, 232 S.W.2d 45. Service of process by registered mail, which is recognized as sufficient to satisfy the requirements of due process of law, Hess v. Pawloski (1927), 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Wuchter v. Pizzutti (1928), 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, must be accomplished in compliance with the pertinent statutes. Attempted, but incomplete, substituted service of process by registered mail under the pertinent statutes, as here, fail to satisfy the requirements of due process. Cf. Wise v. Herzog, (1940), 72 App.D.C. 335, 114 F.2d 486, 489–491 [4–6]. Mr. Durgan has in no wise been *served* with process

herein; thus, this Court has no personal jurisdiction over him.

It appearing that the defendant's motion may be determinative of this action, and that the plaintiffs have requested an oral hearing on their motion, the clerk will notify counsel that such hearing will be held in the courtroom of the United States District Court for the Eastern District of Tennessee, Northeastern Division, on Tuesday, June 3, 1969, at noon, or as soon thereafter as the matter may be reached on the Court's calendar.