**Edward YOX and Peggy Yox, Plaintiffs,**

**v.**

**Donald Izalah DURGAN, Defendant.**

**Civ. A. No. 893.**

United States District Court
E. D. Tennessee,
Winchester Division.

July 30, 1969.

Clinton Swafford, Winchester, Tenn., for plaintiffs.

C. T. Herndon, III, Johnson City, Tenn, for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court has heretofore expressed the tentative opinion that there has been insufficient substituted service of process on the defendant, who has appeared specially through counsel for the sole purpose of contesting the acquisition of *in personam* jurisdiction over him by this Court, to satisfy the requirements of due process of law. See memorandum opinion of May 9, 1969, D.C., 298 F.Supp. 1365. Following oral argu-

ments on this motion and the motion of the plaintiffs for a judgment by default herein on June 3, 1969, Rule 55(a), Federal Rules of Civil Procedure, the plaintiffs were allowed time in which to buttress their contention with pertinent authorities. These have now been received and considered by the Court.

The plaintiffs cite an Ohio case, in which it is held that the provision in a statute authorizing substituted service of process on a nonresident motorist by mailing of a copy of a summons " * * * to the last known address * * *" under Ohio law is, in itself, an evidence of "* * * a legislative intent to provide for cases in which the notice is not actually delivered to the defendant. * * *" Hendershot v. Ferkel, et al. (1944), 144 Ohio St. 112, 56 N.E.2d 205; *accord*: Williams, et al. v. Egan (Okl. 1957), 308 P.2d 273. As the Ohio and Oklahoma courts observed, under the pertinent statutes of those states, " * * * [w]ere it intended in every case that notice be actually delivered to a defendant, there would be no necessity for providing that notice should be sent to a particular place, to-wit, the 'last known address'. * * *" Hendershot v. Ferkel et al., *supra*, 56 N.E.2d at 59 [3]; see also Williams et al. v. Egan, *supra*, 309 P.2d at 277 [2]. Such legislative intent cannot reasonably be inferred from the applicable Tennessee statute, T.C.A. § 20–226, which includes no such provision.

Also cited by the plaintiffs is Fernandez v. Chamberlain, Fla.App. (1967), 201 So.2d 781, where the certified letter of notice of the commencement of an action was refused by the nonresident defendant. That decision is not authority for the proposition presented here, because if the nonresident motorist refuses delivery of the registered letter of substituted service of process under Tennessee law, and such refusal is evidenced by appropriate notation of that fact by the postal authorities, "* * * such refusal shall be deemed the equivalent of delivery and adequately constitutes service. * * *" T.C.A. § 20–226.

Finally, the plaintiffs rely on Greenwood v. White (1966), 25 A.D.2d 73, 266 N.Y.S.2d 1012, where it was held that a nonresident motorist was estopped from claiming under New York law the insufficiency of substituted service of process upon him, by having given an incorrect address. In the case at bar, insofar as this record shows, the defendant Mr. Durgan gave his correct address.

This Court, being of the opinion that the defendant Mr. Durgan has in no wise been served with substituted process herein, as required by the *Tennessee* statutes providing for substituted service of process, T.C.A. §§ 20–226, 20–227, the defendants are entitled to a dismissal of the complaint herein for insufficiency of such attempted substituted service of process, Rule 12(b) (5), Federal Rules of Civil Procedure. This Court has not acquired *in personam* jurisdiction of the defendant Mr. Durgan, and the complaint herein, upon his motion therefore, hereby is

Dismissed.