GAYEWON VANCE, Plaintiff in Error,

*v.*

MICHAEL BLEGAN, Defendant in Error.

466 S.W.2d 223

(*Nashville,* December Term, 1970.)

Opinion filed April 5, 1971.

JAMES O. NOLAND and JOHN J. HESTLE, NOLAND, CATALANO & HESTLE, Clarksville, for plaintiff in error.

R. H. BATSON, DANIEL, HARVILL, BATSON & NOLAN, Clarksville, for defendant in error.

Mr. Justice Humphreys delivered the opinion of the Court.

This is an action for damages for personal injuries arising from an automobile accident which occurred on April 7, 1966, in Montgomery County, Tennessee. The original summons in the cause, addressed to the Sheriff of Montgomery County and listing the address of the defendant, Michael Blegan as Fort Campbell, Kentucky, was issued on November 17, 1966, and was received by the Secretary of State the following day. The affidavit of the Secretary of State required by T.C.A. sec. 20-227 was sent to the Circuit Court Clerk of Montgomery County on December 12, 1966. It showed that the registered letter containing a copy of the summons and notice of the action to the defendant had been returned undelivered, with the notation "unknown".

Subsequently, the plaintiff caused to be issued in three of the next four terms of the Circuit Court an "alias summons", each listing a different out-of-state address for the defendant. In each instance the affidavit of the Secretary of State showed the letter of notice to the defendant to have been returned undeliverd.

The third "alias summons" was issued on October 17, 1967. On October 8, 1968, a fourth "alias summons" was issued. This time the registered letter of notice was delivered, the return receipt having signed by "Mrs. M. Blegan."

Subsequently the defendant filed a plea in abatement to the jurisdiction of the court, on the ground that by failing to cause pluries summons to issue during each successive term of court following the issuance of the original summons, the plaintiff had allowed his cause of action to lapse, and that therefore the "alias summons" of October 8, 1968, instituted a new action, well beyond the statutory one year period of authority of the Secretary of State to accept service of process as the agent of a non-resident motorist.

This plea was sustained by the trial court and the plaintiff appealed, assigning error as follows:

"1. The lower court erred in holding that the State's statute of limitations barred the plaintiff from bringing this action against the defendant because the plaintiff had failed to keep his action alive and complete service of process upon the defendant within the one year statute of limitations for personal injuries.

"2. The lower court erred in holding that the State statute of limitations barred the plaintiff from bringing action against the defendant, even if this Honorable Court should find that the action was not kept alive and service was not completed on the defendant until one year after the cause of action accrued because even if this is true, under the Soldiers and Sailors Relief Act the one year statute of limitations is extended on the basis of the federal law, and that service of process

was completed within the time prescribed by the Tennessee Statute of Limitations taken in conjunction with the federal law.''

■ We first dispose of the second assignment of error. This case is before us on the technical record only, and there is nothing in that record from which we can conclude that the defendant was at any time a member of the armed forces. Hence we cannot consider the applicability of the Soldiers and Sailors Relief Act to the case and we find the assignment of error based thereon to be without merit.

■ As to the first assignment of error, we agree with the conclusion expressed in the defendant's reply brief that it seems to have missed the point. Under any view of the case, since less than one year passed between the issuance of the third and fourth ''alias summons'' in the cause, for the purpose of the Statute of Limitations, the date of the fourth ''alias summons'' would relate to that of the original process. T.C.A. sec. 28-105; *Bryant v. Mulder,* 163 Tenn. 600, 45 S.W.2d 48 (1932). The real issue before the Court is, as pointed out by the defendant, whether suit is barred by expiration of the one year period from the date of the accident during which T.C.A. sec. 20-224 authorizes the Secretary of State to accept service of process for non-resident motorists.

The position of defendant in this regard is two-fold. First, he argues that in order to have the time of commencement of a suit to relate to the date of issuance of the original summons when no statute of limitations is involved, alias and pluries summons must be issued in each successive term of the court in which the action was brought. As authority he cites *Hunter v. May,* 161 Tenn.

155, 25 S.W.2d 580 (1930), as approved by *Bryant v. Mulder,* 163 Tenn. 600, 45 S.W.2d 48 (1932). On this reasoning it is said that the issuance of the fourth "alias summons" cannot relate to the date of the original summons, and so has the effect of instituting a new action well after one year from the date of the accident.

Secondly, the defendant argues that this Court held in *Speight v. Miller,* 223 Tenn. 259, 443 S.W.2d 657 (1969), that the service of process which T.C.A. sec. 20-224 authorizes the Secretary of State to accept is limited to process which is sued out prior to the expiration of one year from the date of the accident and which is "addressed" to the Secretary of State. Thus it is contended that the Secretary was not authorized to accept service of the fourth "alias summons", which was neither "addressed" to him (it, like the original summons was addressed to the Sheriff of Montgomery County) nor sued out within a year of the accident.

Basic to both of the defendant's arguments is the supposition that the original summons in this case was ineffective. We say supposition because it is clear from the reason and authority of *Noseworthy v. Robinson,* 203 Tenn. 683, 315 S.W.2d 259 (1958) that such was not the case. In *Noseworthy v. Robinson,* the Secretary of State had received the summons and copy of the declaration within a year of the accident, but due to an incorrect address the registered letter sent to the defendant was returned unclaimed. Subsequently, more than a year after the accident, an alias summons with the defendant's correct address was served on the Secretary of State. A copy of this summons, and the other required information did reach the defendant. On this set of facts the Court held that service of process, under T.C.A. sec. 20-224,

was accomplished by the original summons. It was pointed out that T.C.A. sec. 20-224 validly makes use of the highways of this state by a nonresident motorist an appointment of the Secretary of State as an agent to receive process, and that service of that process on the Secretary of State as agent, within the authorized period, satisfied the requirements of that statute.

It is true of course, that under T.C.A. sec. 20-226 the Secretary is required to send a copy of the summons to the defendant together with written notice that service had been made, and that under T.C.A. sec. 20-227 service is not "consummate" until the Secretary sends to the Clerk of the trial court the proper notification that service has been made and the defendant notified. But, by the plain words of T.C.A. sec. 20-224, and on the authority of *Noseworthy v. Robinson,* the only "service of process" necessary is that on the Secretary of State, and notice to the defendant, though vital, is a separate matter,

A complicating factor in cases like this one is that the legislature has not furnished any specific procedure relating to the problem. The legislature might have provided, as have other states, a procedure for staying proceedings in the trial court, with whatever time limitations thought necessary, until the required notice to the defendant had been given. But they have not done so. We have no doubt, however, that the plaintiff has a duty to furnish the Secretary with the defendant's correct address, and, in the absence of a statutory time limitation, to furnish it at least with due diligence. See *Nickerson v. Fales,* 342 Mass. 194, 172 N.E.2d 832 (1961).

In this regard it is pertinent to note that the legislature, in enacting T.C.A. sec. 28-105, has established the

policy of the state as to the diligence which must be exercised by a plaintiff in order to prevent the statute of limitations from running once his suit has been filed. There it is considered sufficient if suit is reinstituted within one year after a summons has been returned unexecuted. We perceive no reason why identical policy considerations should not apply in this case, and since the plaintiff in this case furnished the Secretary with defendant's correct address within one year of the last unsuccessful attempt to give notice, we hold that the fourth "alias summons" served as a satisfactory exercise of plaintiff's duty to provide with due diligence a correct address.

We note that, since the original summons is accepted as service, by the Secretary, the "alias" and "pluries summons," as process, must be without effect. Nevertheless, this procedure was the only one used in *Noseworthy v. Robinson,* and it manifestly serves the purpose of providing the Secretary with the necessary information and is concrete evidence of the plaintiff's diligence or lack of it. While a different procedure, specifically tailored to the needs of the situation, might be more desirable, such a development is properly within the province of the legislature.

■ Finally we note defendant's argument that the original process must be "addressed" to the Secretary. The use of the word "addressed" by this Court in *Speight v. Miller,* supra, is not to be taken as meaning that the summons must contain language directing the Secretary of State to summon the defendant. According to the clear words of the statute, the summons is served *on* and not *by* the Secretary. Rather, "addressed" was used there to describe a summons which is sent to the

Secretary of State and not given to the Sheriff for service within the county. The statute, T.C.A. sec. 20-226, requires only that the summons be "lodged with" and not, in the technical sense, "addressed to" the Secretary.

From all of the above it follows that the trial court erred in sustaining the plea in abatement, and the cause is remanded for further proceedings consistent with this opinion.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and MC-CANLESS, JUSTICES, concur.