**Duard E. SOLIDA**

v.

**Donnie Gene LEDFORD and Fred Heyer.**

**Dorothy SOLIDA**

v.

**Donnie Gene LEDFORD and Fred Heyer.**

**Nos. C–76–88 and C–76–89.**

United States District Court,
W. D. Tennessee, W. D.

July 22, 1977.

James E. Bailey, Jr., Memphis, Tenn., for plaintiffs.

Douglas A. McTyier, Memphis, Tenn., for defendants.

## ORDER

WELLFORD, District Judge.

This is a diversity action in which plaintiffs, Duard E. Solida and Dorothy Solida, seek to recover damages for personal injuries allegedly suffered in a collision between the vehicle Duard E. Solida was operating and a vehicle owned by defendant, Fred Heyer, and operated by defendant, Donnie Gene Ledford. An answer was filed on behalf of defendant, Heyer, but defendant, Ledford, has specially appeared through his attorney to move to quash service against him, or alternatively, to dismiss the action as to him on the basis of insufficient service of process.

Plaintiffs had moved for default on the basis that summons had been returned "Not to be Found" as to defendant, Ledford; that an amended complaint had been filed and an alias summons issued to be served upon the Secretary of State as agent for defendant, Ledford, pursuant to TCA § 20–224; and that no answer had been filed by defendant, Ledford.

Defendant, Ledford, asserts that service against him pursuant to TCA § 20–224 was insufficient in that the return receipt on the attempted service bears the notation "Addressee Unknown." In support of his motion, defendant contends that in order to have valid substituted service, which complies with constitutional due process and the Tennessee statutory scheme, there must be a return receipt signed by the defendant. He cites *Yox v. Durgan,* 302 F.Supp. 1262 (E.D.Tenn., 1969) and *Yox v. Durgan,* 298 F.Supp. 1365 (E.D.Tenn., 1969).

Plaintiffs assert that compliance with TCA § 20–224 is all that is necessary for valid substituted service and that a return receipt signed by defendant is not required. They cite *Vance v. Blegan,* 466 S.W.2d 223 (Tenn., 1971) and *Noseworthy v. Robinson,* 203 Tenn. 683, 315 S.W.2d 259 (1958) as controlling.

TCA § 20–224 provides that a non-resident motorist using a Tennessee highway is deemed to have designated the Secretary of State as his agent for acceptance of service of process in any civil action against him which arises out of an accident occurring in Tennessee. According to TCA § 20–226, substituted service is to be made by the plaintiff's lodging the original summons, a certified copy and a filing fee with the Secretary of State who, in turn, sends the certified copy by registered mail to the defendant, along with a written notice that service was so made. TCA § 20–227 provides that the original process, an affidavit by the Secretary of State setting forth his compliance with TCA § 20–226, and the return receipt signed by or in behalf of the defendant shall be sent to and filed by the Clerk. It is further provided that the Secretary of State should endorse on the original process the date of mailing the certified copy to the defendant and the date on which he received the return receipt of the defendant.

A fact situation similar to the case at bar was present in *Yox v. Durgan,* 298 F.Supp. 1365. Therein Judge Neese held that the Court had no jurisdiction over the non-resident defendant inasmuch as said defendant had never been actually served with process. The Court said that service of process by registered mail must be accomplished in compliance with applicable statutes and that attempted, but incomplete, substituted service fails to satisfy due process requirements. Upon the same facts, the Court reaffirmed its opinion in *Yox v. Durgan,* 302 F.Supp. 1262.

The cases cited by plaintiffs are not inconsistent. *Noseworthy, supra,* and *Vance, supra,* both involved a limitation of actions question where incomplete substituted service was made prior to the running of the statute, but where the service was actually completed after the said statute had run.

The Court finds further support for its conclusion in *Shaffer v. Heitner,* —— U.S. ——, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), wherein the Supreme Court concluded that all assertions of state court jurisdiction must comport with the due process requirements of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. See also the concurring judgment of Mr. Justice Stevens stating that the due process clause affords protection against judgments without notice. —— U.S. at ——, 97 S.Ct. at 2587, 53 L.Ed.2d at 706.

Service as to defendant, Ledford, is hereby quashed because the Court believes due process requires, and the statutory scheme contemplates, evidence of service through notice by mail upon a defendant or his agent as a minimum.