IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2012 Session

## MARGARET NOVACK v. WILLIAM FOWLER

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004056-09      Gina C. Higgins, Judge**

---

**No. W2011-01371-COA-R9-CV - Filed February 9, 2012**

---

This case involves the sufficiency of service of process. After an automobile accident, Plaintiff sued Defendant for personal injuries. Private process server served Defendant's father with the complaint rather than Defendant. The Defendant answered the complaint, raising the defense that there was insufficient service of process as to him. Over a year after the summons had been issued, Defendant moved for summary judgment based on insufficient service of process. The trial court denied summary judgment, finding that the Defendant was evading service. Because we conclude that there was insufficient evidence to find that the Defendant was evading service of process, we reverse and remand.

**Tenn. R. App. P. 9. Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Melanie M. Stewart and Matthew S. Russell, Germantown, Tennessee, for the appellant, William Fowler.

David E. Gordon and Erin L. Hillyard, Memphis, Tennessee, for the appellee, Margaret Novack.

**OPINION**

**I. Background**

On or about August 30, 2008, Plaintiff/Appellee Margaret Novack was involved in an automobile accident with Defendant/Appellant William Fowler in Memphis, Tennessee. On August 26, 2009, Ms. Novack filed a complaint for damages, alleging that Mr. Fowler's

negligence caused him to strike her car from behind, which resulted in physical injury to Ms. Novack. Ms. Novack sought damages in the amount of $175,000.00 for, *inter alia*, diminished earning capacity, medical bills, and pain and suffering.

A summons was issued for Mr. Fowler on August 26, 2009 at the address 4995 Parkside  Avenue, Memphis, Tennessee 38117. The private process server attempted to serve Mr. Fowler at this address on September 9, 2009; however, the resident of the home informed the process server that Mr. Fowler no longer lived at this address. The process server noted that Mr. Fowler no longer lived at the address on the summons, but did not return the summons as "not to be found;" instead, Ms. Novack's attorneys attempted to ascertain the new address of Mr. Fowler and use the same summons to accomplish service.

On September 10, 2009, counsel for Ms. Novack, David E. Gordon, wrote a letter to Mr. Fowler's insurance carrier, requesting the insurance carrier's information regarding Mr. Fowler's last known address. The insurance carrier referred the matter to an outside attorney, Melanie M. Stewart, who responded on September 23, 2009, giving Mr. Fowler's last known address as 3356 Walnut Grove Road, Memphis, Tennessee 38111.

The process server attempted to effectuate service on Mr. Fowler at the above address on the morning of September 29, 2009, mid-day of September 30, 2009, and on the evening of October 7, 2009. The process server noted that each time he knocked on the door, the same cars were parked in the driveway, but that no one came to the door.

Mr. Gordon wrote to Ms. Stewart on October 13, 2009, again requesting Mr. Fowler's last known address. On October 21, 2009, Ms. Stewart responded that she had provided Mr. Fowler's last known address and that she had no further obligation under the law.

On October 27, 2009, the process server waited outside Mr. Fowler's last known address, in what the process server termed a "stakeout." After an hour and a half, the process server observed a man leaving the home to walk a dog. The process server served this man with the complaint. The return of service stated that the summons was served on a person described as "M/W, 5'10, 50-55 yo, Identified self as below listed . . . William Fowler (AKA) Jimmy Fowler (AKA) William J. Fowler." In addition to the summons, the process server submitted an affidavit of service, attesting that "Def[endant was] served at current residence. Several attempts no answer at door. After a 1.5hr stakeout, def[endant] brought dog out for a walk."

It is undisputed that the man served with the copy of the summons and complaint was not the Mr. Fowler that is the defendant in this case. The man served was actually Mr.

Fowler's father, who has the same name as his son but goes by Jimmy Fowler. According to Jimmy Fowler's affidavit, he informed the process server that he was not the defendant in the case. Regardless, the process server gave the complaint to Jimmy Fowler, who passed it along to his son.

Mr. Fowler filed an answer on November 20, 2009, alleging the affirmative defense of insufficient service of process. The answer stated, "Defendant states that there exists insufficient service of process as his father, rather than the Defendant, was served with the Summons and Complaint in this action, for which this action should be dismissed and the Defendant herewith moves the Court to so dismiss this action."

The parties proceeded to discovery. Interestingly, Mr. Fowler propounded an interrogatory on Ms. Novack requesting any names or aliases she has used in her life and her current address. No similar interrogatory was propounded on Mr. Fowler. Mr. Fowler's deposition was taken on January 3, 2011, wherein he reiterated that he had never been served with process. In his deposition, Mr. Fowler explained that because he was in the process of moving, he gave his insurance company his father's address as his mailing address. In fact, Mr. Fowler stated that he often used his father's address as his mailing address. Mr. Fowler testified, however, that he had never lived at that address.

On January 26, 2011, Mr. Fowler filed a motion for summary judgment alleging that Mr. Fowler was never served with process and that the one-year statute of limitations for personal injury claims had elapsed.[1] The affidavits of Mr. Fowler and his father, as well as portions of Mr. Fowler's deposition, were included as exhibits to the motion. Ms. Novack filed her response to Mr. Fowler's motion for summary judgment on March 14, 2011, asking that the court find that Mr. Fowler was properly served with process.

---

[1] Tennessee Code Annotated Section 28-3-104(a)(1) provides a one-year statute of limitations in personal injury cases. Usually, only the complaint must be filed within this time frame; however Rule 3 of the Tennessee Rules of Civil Procedure provides that the complaint and summons must be served on the defendant within ninety days of issuance. Tenn. R. Civ. P. 3. If the summons is not served within this time:

> [P]laintiff cannot rely on the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year of issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

*Id.* In this case, Mr. Fowler's motion for summary judgment alleging that process had never been served was filed more than a year after both the filing of the complaint and issuance of the summons. The record does not reflect that any additional process was issued in this case other than the original process of August 26, 2009.

A hearing was held on the motion for summary judgment on March 25, 2011. At the conclusion of the hearing, the court ruled that Mr. Fowler was evading service and, consequently, service on his father was proper. The court stated:

> Looking at your pleadings, looking at the memoranda that you both submitted, the case law that you submitted, I am going to make a determination that the Defendant was properly served. At the very least, there is sufficient factual dispute to allow you all to go beyond a Motion for Summary Judgment.
>
> But it appears that during the developing time frame the Defendant was noted to have lived at this address as provided by Defendant's agent. That information was given to the Plaintiff's counsel and it was pursued, and after the father was, in fact, served with process, who was an adult living at the address given to Plaintiff, one would think that the father being of reasonable process in his mind would have contacted the Defendant to let him know that he had been served or some papers had been brought and there was indication that those papers were for him.
>
> The Defendant [sic] did serve the father but he served, based upon the deposition in January of 2011, at a time well past the period the service would have made a difference otherwise. So I do find that the Defendant was evading service.
>
> I'm going to find that Plaintiff's counsel acted and complied with the statutory provisions in addition to case law with regard to what they did with the affidavits they had in the file indicating the process they went through trying to get actual physical service on Mr. William Fowler, the Defendant in this matter, so I'm going to deny your motion.

On June 8, 2011, the trial court entered an order finding that Mr. Fowler "was duly served with Complaint according to Tenn. R. Civ. P. 4.04(1) when his father was served on October 27, 2009."[2] On June 13, 2011, Mr. Fowler filed a Motion for Interlocutory Appeal. A hearing was held on the motion on June 21, 2011, wherein the trial court granted the motion for interlocutory appeal. On June 24, 2011, Mr. Fowler filed a Rule 9 Application for Permission to Appeal to this Court, which was granted by order of September 9, 2011.

---

[2] While the trial court's oral ruling reflected that she found Mr. Fowler to be evading service of process, the order entered on June 8, 2011 does not state that as the basis of the ruling. However, as discussed below, substitute service may only be invoked after a defendant is found to be evading service of process. Therefore the determinative question in this case remains whether the facts were sufficient for the trial court to conclude that Mr. Fowler was evading service of process.

Mr. Fowler raises a single issue in this appeal, which we restate:

1.      Whether the trial court erred in determining that substituted service of process was effective under Rule 4.04(1) of the Tennessee Rules of Civil Procedure, where the only proof that any person evaded or attempted to evade service was proof of a third party's conduct?

Ms. Novack, in the posture of Appellee, raises the following issue, which we restate:

2.      Whether Mr. Fowler waived the affirmative defense of insufficient service of process?

## II. Standard of Review

A trial court's decision to deny a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). "This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied." *Mathews Partners, L.L.C. v. Lemme*, No. M2008–01036–COA–R3–CV, 2009 WL 3172134, at *3 (citing *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1977)).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." *Id*. at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." ***Mathews Partners***, 2009 WL 3172134, at *3 (citing ***Byrd***, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." ***Id***. "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Landry v. South Cumberland Amoco, et al.***, No. E2009–01354–COA–R3–CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010) (citing ***Carvell v. Bottoms***, 900 S.W.2d 23 (Tenn. 1995)). However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. As stated by our Supreme Court in ***Evco Corp. v. Ross***, 528 S.W.2d 20 (Tenn. 1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

***Id***. at 24–25.

### III. Analysis
### A. Waiver of Insufficient Service of Process Argument

We first consider Ms. Novack's argument that Mr. Fowler waived the affirmative defense of insufficient service of process by his failure to "set forth affirmatively facts in short and plain terms relied upon" to constitute that defense. Indeed, Rule 8.03 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

In pleading to a preceding pleading, a party shall set forth affirmatively facts

in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, waiver, workers' compensation immunity, and any other matter constituting an affirmative defense.

*Id.* As Ms. Novack argues in her brief, it is well-settled that a failure to comply with Rule 8.03 constitutes a waiver of the affirmative defense. *See* Tenn. R. Civ. P. 12.08; *see also Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991).

Mr. Fowler argues that his answer affirmatively states short and plain facts sufficient to comply with Rule 8.03. It is undisputed that Mr. Fowler's answer states that "there exists insufficient service of process as his father, rather than the Defendant, was served with the Summons and Complaint in this action."

We have thoroughly reviewed the record in this case, and we have determined that Ms. Novack did not assert in the trial court that Mr. Fowler waived the affirmative defense of insufficient service of process. Indeed, in Ms. Novack's response in opposition to the motion for summary judgment, she argued only that service on Mr. Fowler was proper, not that Mr. Fowler had waived the defense of insufficient service of process. Further in the hearing on the motion for summary judgment, Mr. Gordon affirmatively stated, "Our argument is not that they have waived the right to make this motion [alleging insufficient service of process]. That's not our argument." It is well-settled that issues are considered waived on appeal by the failure to present them at trial. *See ABN AMRO Mortg. Group, Inc. v. Southern Sec. Federal Credit Union*, No. W2011-00693-COA-R3CV, 2011 WL 5590320, at *4 (Tenn. Ct. App. Nov. 17, 2011) (citing *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009)); *see also State v. Leach*, 148 S.W.3d 42, 55 (Tenn. 2003) (noting that it is well-settled that "a party may not litigate an issue on one ground, abandon that ground post-trial, and assert a new basis or ground on appeal"). Accordingly, Ms. Novack's argument that Mr. Fowler waived the defense of insufficient service of process is waived. We must now determine whether the trial court erred in declining to grant summary judgment to Mr. Fowler on his claim that there was insufficient service of process in this case.

**B. Summary Judgment**
**1. Disputed Material Facts**

Mr. Fowler argues that the trial court erred in declining to grant him summary judgment based on insufficient service of process. Summary judgment is only appropriate when there are no material factual disputes. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). In this case it is undisputed that the process server served Jimmy Fowler, the father of Mr. Fowler, rather than the defendant himself.

Mr. Fowler also asserts that his father informed the process server that he was not the defendant, which Ms. Novack disputes. As discussed above, if we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." *Mathews Partners*, 2009 WL 3172134, at *3 (citing *Byrd*, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. Neither party cites, nor can we find, any law that makes the sufficiency of service of process dependent on the process server's subjective beliefs. Therefore, we conclude that the determination of whether Mr. Fowler's father actually informed the process server that he was not the defendant is not material to a determination of the issue on appeal. Accordingly, there are no material factual disputes in this case.

## 2. Insufficient Service of Process

Having found no material factual disputes, we next consider Mr. Fowler's argument that substitute service was inappropriate in this case. Rule 4.04 of the Tennessee Rules of Civil Procedure provides:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

*Id.* This Court has previously explained the application and construction of Rule 4.04(1):

In applying and construing substitute service statutes, it is the duty of the Court to give the statute a strict construction as such statutes are in derogation of common rights and strict compliance therewith must be observed. *Tabor v. Mason*, 196 Tenn. 198, 202, 264 S.W.2d 821, 822–23 (Tenn. 1953). Simply because the subject matter of the suit is within the jurisdiction of the court, proper service of process should not be assumed. The record must establish that the plaintiff complied with the requisites of the procedural rules. The fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rule. *See Third Nat'l Bank of Nashville v. Estes*, No. 85-142-II, 1986 WL 3155, at *5 (Tenn. Ct. App. March 12, 1996).

Service of process which does not meet the requirements of the rule is void, and a judgment based on void service of process is a void judgment. *Overby v. Overby*, 224 Tenn.523, 525–26, 457 S.W.2d 851, 852 (Tenn. 1970).

*Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. July, 24, 1996); *see also Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) ("Actual notice of a lawsuit is not a substitute for service of process when the rules of civil procedure so require.").

Service that is not on the defendant personally, but is left with another person of suitable age and discretion, is substitute service. Tenn. R. Civ. P. 4.04(1); *see generally* 72 C.J.S. *Process* § 70 (2011). This Court recently affirmed the principle that substitute service of process will only be sufficient to effectuate service when the defendant evades service of process, stating that "the only time any type of service other than personal service can be had upon an individual, including service upon an authorized agent, is if the individual 'evades or attempts to evade service or if he is an infant or incompetent.'" *Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *4 (Tenn. Ct. App. Nov. 21, 2008) (citing *Haley v. Hitt Elec. Co.*, No. 01-A-01-9107-CH-00258, 1992 WL 7669, at *2 (Tenn. Ct. App. Jan.22, 1992)). It is undisputed that Mr. Fowler is neither an infant, nor incompetent. Therefore, for substitute service of process to be effective in this case, Mr. Fowler must have been evading service of process. The burden of proving that an individual evaded or attempted to evade service of process is on the serving party. *Haley*, 1992 WL 7669, at *2. This Court has emphasized that "the plaintiff, in order to justify substitute service, must make a sufficient showing before the trial court to satisfy the requirements of the substituted service statute." *Stanley v. Mingle*, No. 01-A-019007CV00253, 1991 WL 53423, at *3 (Tenn. Ct. App. April 12, 1991). Accordingly, the determinative issue in this case is whether Ms. Novack has made a sufficient showing for the trial court to conclude that Mr. Fowler was evading service of process.

The term "evades" is not defined in Rule 4.04(1). In interpreting a statute or rule, we must "give the words their natural and ordinary meaning." *Coleman v. State*, 341 S.W.3d 221, 241 (Tenn. 2011) (quoting *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008)). Where appropriate, courts may utilize dictionary definitions in interpreting statutes. *State v. Majors*, 318 S.W.3d 850, 859 (Tenn. 2010) (quoting *State v. Williams*, 690 S.W.2d 517, 529 (Tenn. 1985)). Indeed, in *Stanley v. Mingle*, No. 01-A-019007CV00253, 1991 WL 53423 (Tenn. Ct. App. April 12, 1991), this Court relied on the ordinary dictionary definition, which defined "evade" as "to escape or avoid by cleverness." *Id.* at \*3 (quoting American Heritage Dictionary 453 ( New College ed. 1979)). Based on this definition and the strict construction given substitute service of process rules, the *Stanley* Court held that Rule 4.04(1) provides "no leeway for the utilization of a presumption or inference" that evasion occurred "from the fact that prior attempts at service" were unsuccessful. *Id.*

This Court has considered the issue of whether the defendant evaded service of process on a number of occasions. For example, in *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627 (Tenn. Ct. App. July, 24, 1996), the process server attempted to serve the defendant at his last known address on two occasions. On these two occasions, he observed different automobiles at the residence. *Id.* at \*1. Based on this observation, the process server surmised that the defendant must have been home on one occasion and was, therefore, evading service of process. *Id.* The process server then left the summons and complaint with the defendant's son, who gave the documents to his father. *Id.* The trial court ruled that service was proper without finding that the defendant was evading service. *Id.* This Court reversed, stating:

> Here there is no evidence and the trial court did not find that the defendant evaded or attempted to evade process. The trial court simply held that there was actual service because the process server left the process with defendant's son, who was suitable age and discretion, and because defendant's son passed the process on to defendant. We disagree.

*Id.* at \*2. Mr. Fowler argues that this case, as in *Wallace*, involves evidence only of several unsuccessful attempts at service, which is not sufficient for the court to conclude that Mr. Fowler evaded service of process.

In another case, where substituted service was found to be authorized, *Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. Ct. App. 1997), this Court described the actions of the defendant as follows:

> [The process server] claims that from 24 September through 30 September

of 1994, he made many attempts to serve Dr. Giese [the defendant in the case] at the General George Patton Road address. He stated that he, "could tell someone was inside the condominium, but no one would ever answer the door." A neighbor informed [the process server] that Dr. Giese did live there and [the process server] could see mail addressed to Dr. Giese. On 30 September 1994, [the process server] saw a man fitting the description he had been given of Dr. Giese exit the condo's back door and pick up a newspaper. When he shouted, "Dr. Giese, I need to speak with you a minute," the man ran back into the condominium and shut the door. Though [the process server] knocked, the man would not answer.

*Id.* at 832. These affirmative actions, the Court concluded, were sufficient to show that the defendant was evading service of process. Mr. Fowler argues that the record in this case contains no such actions on his part justifying a finding of evasion. In another case, ***Stanley v. Mingle***, this Court cited favorably a Florida Court of Appeals case wherein the court found that the evidence was not sufficient to show evasion, stating:

> The failure of the sheriff and a process server to locate the defendant at three addresses furnished by the plaintiff is not enough to establish concealment. The record does not show by affidavit or otherwise that sufficient search or inquiry was actually made to ascertain that the defendant was concealing his whereabouts.

***Stanley,*** 1991 WL 53423, at *3 (quoting ***Bird v. International Graphics, Inc.***, 362 So.2d 316, 317 (Fla. Ct. App. 1978)). The situation cited in ***Stanley*** is highly analogous to the facts of this case, wherein the only evidence of evasion were several attempts to serve Mr. Fowler at an address where he did not, in fact, live.

Courts construing service of process rules substantially similar to Rule 4.04(1) have held that the failure to serve the defendant must be attributable to the defendant's actions, rather than the plaintiff's, to support a finding that the defendant was evading service of process:

> [T]he fact that serving a defendant has proven to be a difficult and onerous task does not equate with a finding that a defendant is avoiding service. . . . [A] plaintiff's inability to ascertain the current location/residence of a defendant and a process server's failed attempts to effectuate service are insufficient to demonstrate that a defendant "is responsible for this failure of service because he is hiding from or avoiding it."

*Bedgood v. Garcia*, No. 2:08-CV-953-WKW[WO], 2009 WL 1664131, at \*3–4 (M.D. Ala. 2009) (citing *Fisher v. Amaraneni*, 565 So.2d 84, 87 (Ala. 1990)) (construing a rule requiring personal service unless the defendant has "avoided" service of process). Indeed courts faced with facts similar to the case on appeal have concluded that "the fact that the defendant moved without leaving a forwarding address alone does not evidence an effort to" evade service of process. *Shuster v. Conley*, 107 F.R.D. 755, 757 (W.D. Pa. 1985) (citing *Gonzales v. Polis*, 357 A.2d 580 (Penn. 1976)) (construing a statute allowing substitute service when a defendant "conceals his whereabouts"). From our review of the evidence in this case, nothing indicates any action on the part of Mr. Fowler to evade service of process.

Ms. Novack argues, however, that the actions of Mr. Fowler's counsel, as his agent, in providing Mr. Fowler's father's address is an affirmative action on the part of Mr. Fowler evidencing evasion. We disagree. In her brief, Ms. Novack argues that, pursuant to Tennessee Code Annotated Section 56-7-1104, Ms. Stewart was required to provide Ms. Novack with Mr. Fowler's whereabouts in order to effectuate service of process. Ms. Stewart's failure to provide Ms. Novack with Mr. Fowler's current physical address, she argues, is an evasive tactic on the part of Mr. Fowler which justifies substitute service of process. Ms. Novack misapprehends the statute's application to this case in two material ways. First, the requirement that Ms. Stewart provide Mr. Fowler's address was not triggered in this case.[3] Tennessee Code Annotated Section 56-7-1104 provides, in pertinent part:

---

[3] In her brief, Ms. Novack asserts that Mr. Fowler did not argue in the trial court that Tennessee Code Annotated Section 56-7-1104 had not been triggered at the time Mr. Gordon sent the request for Mr. Fowler's address. Because of this failure, Ms. Novack argues that this argument should be waived. As discussed above, it is well-settled that an argument not raised in the trial court is considered waived on appeal. *ABN AMRO Mortg. Group, Inc. v. Southern Sec. Federal Credit Union*, No. W2011-00693-COA-R3CV, 2011 WL 5590320, at \*4 (Tenn. Ct. App. Nov. 17, 2011) (citing *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009)). However, we have carefully reviewed the record in this case and we conclude that Mr. Fowler did sufficiently raise this argument in the trial court. During the March 25, 2011 hearing on the motion for summary judgment, Ms. Stewart argued the following:

Mr. Gordon sent a letter to the insurance company pursuant to that statute that they have to reveal the last known address of the Defendant when there is a not to be found returned. There was [not] a not to be found returned but the insurance company referred it to me. I responded to Mr. Gordon's letter and gave him the last known address that the insurance company had for Mr. Fowler.

Mr. Gordon then sent me a letter saying that Mr. Fowler was evading process and I needed to make him available for service of process. I wrote Mr. Gordon back. . . . I told him that I did what was required to under the statute and left it at that.

Essentially, Mr. Fowler's counsel stated that the statute required her to give Ms. Novack's attorney Mr.

(continued...)

-12-

(a) Upon a sheriff's return of "not to be found" within the particular county, or upon the secretary of state being unable to complete process upon the defendant or defendants, the plaintiff may serve demand notice upon the liability insurance carrier to reveal the location and whereabouts of the defendant automobile owner or operator.

\* \* \*

(c) The liability insurance carrier shall, upon notice, reveal to the plaintiff or the plaintiff's attorney any information it possesses as to the location of the defendant automobile operator or owner.

The record reflects that the summons in this case was never returned "not to be found." Instead, Mr. Gordon simply used the original summons with Mr. Fowler's old address to attempt to serve Mr. Fowler at the address provided by his insurance company. Tennessee Code Annotated Section 56-7-1104 makes clear that the obligation to inform plaintiff's counsel of the defendant's address is only triggered when the summons has been returned "not to be found." Accordingly, the obligation was not triggered in this case. Without the statutory obligation to disclose this information, an attorney has no affirmative duty "to inform the opposing party of relevant facts or law," including the address of his or her client. Tenn. Sup. Ct. R. 8, RPC 4.1 cmt.1 (2011); *see also* **Reeder v. Knapik**, No. 07-CV-362-L(LSP), 2007 WL 1521100, at \*1 (S.D. Cal. May 22, 2007) (construing a similar evasion rule and noting that "a defendant has no duty or obligation to plaintiff to assist in the service of the complaint"). While Mr. Fowler would certainly have had an obligation to disclose his address if asked during the discovery process, the record contains no indication that Ms. Novack propounded an interrogatory asking for Mr. Fowler's address prior to the expiration of the statute of limitations.[4]

_____

[3](...continued)
Fowler's address if there was a return of "not to be found." Even though there was no return and Mr. Fowler's attorney was therefore not obliged to send the information to Ms. Novack, Mr. Fowler's attorney provided the information requested. In general, arguments and motions should be construed based on their substance rather than their style. *See* **Gordon v. Greenview Hosp. Inc.,** 300 S.W.3d 635, 643 (Tenn. 2009) (citing **Tenn. Farmers Mut. Ins. Co., v. Farmer**, 970 S.W.2d 453, 455 (Tenn. 1998). We, therefore, conclude that Mr. Fowler's argument at the partial summary judgment hearing was sufficient and this issue is not waived on appeal.

[4] Mr. Fowler was deposed by Ms. Novack in this case. In his deposition, Ms. Novack's counsel asked Mr. Fowler his current address, which he provided. However, at the time of the deposition, the statute of
(continued...)

Secondly, the statute only requires that the insurance company disclose "any information it possesses" regarding the defendant's address. This statute, therefore, does not place a duty on the insurance company to investigate whether the address is up-to-date or represents the current physical address of the defendant. As discussed in **Stanley**, it is the responsibility of the plaintiff's attorney, rather than the defendant's, to make "sufficient search or inquiry . . . to ascertain . . .the defendant['s] whereabouts." **Stanley,** 1991 WL 53423, at *3 (quoting **Bird**, 362 So.2d at 317). Nothing in the record suggests that Ms. Stewart affirmatively misled Ms. Novack; the only evidence contained in the record is that Ms. Stewart provided Ms. Novack with the information provided to her by Mr. Fowler's insurance carrier, even though she was not statutorily or ethically obligated to do so. In addition, Mr. Fowler plainly stated in his answer to the complaint that he had not been served with process, which was nearly nine months prior to the expiration of the time period to serve Mr. Fowler in this case. Accordingly, any argument that Ms. Novack was misled as to the whereabouts of Mr. Fowler in this situation is without merit.

The facts in this case are simply not sufficient to conclude that Mr. Fowler was evading service of process. Without a finding of evasion, substitute service of process was improper. Accordingly, we reverse the trial court's finding that service was properly accomplished in this case and remand for consideration of Mr. Fowler's motion for summary judgment in light of this opinion. Costs of this appeal are taxed to Plaintiff/Appellee Margaret Novack, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[4](...continued)
limitations had already expired and service could no longer be accomplished.